**WARD ELECTRONICS SERVICE, INC.,**
**Plaintiff-Appellant,**

**v.**

**FIRST COMMERCIAL BANK,**
**Defendant-Appellee.**

**No. 86–3149.**

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1987.

Decided June 2, 1987.

Julian Karpoff (Karpoff, Title & Mitnick on brief), for plaintiff-appellant.

Robert Dean Perrow (Howard W. Dobbins, Williams, Mullen, Christian & Dobbins on brief), for defendant-appellee.

Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and YOUNG, United States District Judge for the District of Maryland, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Ward Electronics Services, Inc. (Ward) here appeals the denial of its motion to amend its complaint against First Commercial Bank (FCB). The district court denied the motion because "the proposed amended complaint revises completely the theory upon which [Ward sought] to recover" and because Ward had already amended its complaint once. We hold that the district court abused its discretion in denying the motion and reverse.

Ward obtained a performance bond from Eastern Indemnity Company of Maryland (Eastern Indemnity) to secure its performance of a contract with the United States Army. Pursuant to the bond transaction, proceeds from the Army contract were deposited to an account at FCB. Ward drew upon the funds in the account to pay itself and its vendors as work on the contract progressed. All withdrawals, however, required the signatory approval of Eastern Indemnity.

On February 13, 1985, FCB debited the account by $18,763.80 to satisfy an obligation of Eastern Indemnity to FCB. FCB then issued to Ward a cashier's check for the amount of the funds remaining in the account.

Ward brought this action to recover the debited funds on April 4, 1986. The complaint sought declaratory, compensatory, and exemplary relief for breach of contract, breach of statutory duty of good faith, and fraud. On May 9, 1986, the trial court granted FCB's motion to dismiss all counts of the complaint except the declaratory judgment count and granted Ward leave to amend the breach of contract and fraud counts.

Ward filed its Amended Complaint on May 15, 1986. The Amended Complaint again based Ward's right to recovery on the theory that the bank violated its contract with Ward and committed fraud when it debited the account to satisfy Eastern Indemnity's debt. On July 8, 1986, three

days after taking the deposition of FCB and one month before the scheduled close of the two and one-half month discovery period, Ward filed a motion to amend its Amended Complaint, attaching the proposed Second Amended Complaint. The proposed Second Amended complaint deleted breach of contract as a basis for recovery, instead seeking reformation and recovery for breach of fiduciary duty and money had and received.

On August 1, 1986, the trial court denied Ward's motion to amend the Amended Complaint and granted FCB's motion to dismiss the fraud count of the Amended Complaint. On September 30, 1986, the action on the Amended Complaint was tried before a jury, with Ward limited to breach of contract as a theory of recovery. The district court granted FCB's motion for directed verdict at the close of Ward's evidence. This appeal followed.

The singular issue raised by this appeal is whether the district court abused its discretion in denying Ward's motion to amend its Amended Complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory ̇motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., futility of amendment, etc." In *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980), we noted that under *Foman* a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

The grounds offered by the district court here, a change in the theory of recovery and one prior amendment of the complaint, are not sufficient to justify denial of leave to amend under the principles of *Foman* and *Davis*.

A change in the theory of recovery may obviously sometimes cause substantial prejudice to a defendant, justifying denial of a motion to amend to assert that theory. But the fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial absent a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion.

That Ward had previously amended its complaint also fails alone or in combination with the altered theory of recovery to justify denial of the motion. Again, it must also appear that successive amendments are futile, offered in bad faith, prejudicial, or otherwise contrary to the interests of justice to justify denials of leave to amend.

There was no finding here that Ward was acting in bad faith or in an effort to prolong the litigation unduly. Most important, there was no finding that FCB would have been in any way prejudiced by the amendment, nor could there have been. At the time Ward made its second motion to amend, the action was only three months old and discovery had been in progress for only one and one-half months. FCB had not yet deposed Ward and no trial date had been set. Further, the proposed amendment was based on information that was always in the possession of FCB, which Ward discovered during its deposition of FCB three days before it filed its request for leave to amend. Thus FCB could not have been prejudicially surprised by anything contained in the proposed amendment.

It is obvious from the record here that Ward has had a difficult time articulating both the facts underlying its claim and its theory for recovery. The district court understandably was somewhat frustrated by the resulting confusion. Nevertheless it apparently was not prepared to rule that as a matter of law, Ward's proffered new theory of recovery was futile, justifying disallowance on that ground. Under the circumstances, we think that *Foman's* spirit required permitting this second amendment still early in the pre-trial process.

The directed verdict for FCB is vacated and the order denying leave to amend is reversed. The cause is remanded to the district court for further proceedings consistent with this opinion. By this decision we of course express no opinion on the merits of the theory sought to be pleaded by the amendment, nor upon the propriety of allowing any further amendments that might be sought as a matter of discretion.

VACATED REVERSED REMANDED.