856 F.2d 188
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WARD ELECTRONICS SERVICE, INC., Plaintiff-Appellee,
v.
FIRST COMMERCIAL BANK, Defendant-Appellant.
 No. 87-3175.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1988.
Decided Aug. 19, 1988.
 
 Howard Wesley Dobbins (Robert D. Perrow, Williams, Mullen, Christian & Dobbins on brief) for appellant.
 Julian Karpoff (Karpoff, Title & Mitnick on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This is the second appearance of this case before this court. On its first appearance, Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496 (4th Cir.1987), we held that the district court had abused its discretion in denying Ward's attempt to amend its complaint a second time and we vacated the judgment and remanded for further proceedings. Ward had challenged FCB's exercise of its right of setoff against a bank account in which Ward had an interest.
 
 
 2
 At trial on Ward's second amended complaint, the district court submitted the case to the jury, over the objection of FCB, on a theory of wrongful setoff. The jury returned a verdict of $18,763.80 in compensatory damages--the amount of the challenged setoff--and $20,000 in punitive damages. FCB here challenges (1) the sufficiency of the evidence to support a finding of wrongful setoff, (2) the district court's jury instructions on the law of a bank's right of setoff under Virginia law, which controls in this diversity case, and (3) the sufficiency of the evidence to support an award of punitive damages under Virginia law.
 
 
 3
 We agree with the district court's decision to submit the case to the jury and to let its finding of wrongful setoff stand. Considered in the light most favorable to Ward, we believe the evidence was sufficient for a jury reasonably to conclude that (1) FCB had notice of sufficient facts indicating that it might not be entitled to exercise any setoff right against the account at issue without making further inquiry than it did, (2) FCB then failed reasonably to inquire into the true status of its setoff right, and (3) reasonable inquiry would have disclosed to FCB that it could not exercise any setoff right against the account.
 
 
 4
 We also reject FCB's challenge to the district court's setoff instructions. Those instructions fairly encompassed the relevant situations in which under Virginia law a bank has no right of setoff against an account.
 
 
 5
 We agree, however, with FCB's contention that the evidence here is not sufficient to support an award of punitive damages.
 
 
 6
 Virginia courts have repeatedly stated that the primary function of punitive damages is to punish a wrongdoer and to warn others against similarly wrongful conduct. See, e.g., Wallen v. Allen, 343 S.E.2d 73, 78 (Va.1986). In accordance with this policy, proof of ordinary negligence alone will not support an award of punitive damages and proof of aggravating circumstances is required. Id. The typical formulation of the standard, and the one substantially used by the district court here, requires proof that the defendant acted "wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations." Giant of Virginia, Inc. v. Pigg, 152 S.E.2d 271, 277 (Va.1967).
 
 
 7
 Even considered in the light most favorable to Ward, we believe the evidence of FCB's conduct falls far short of this standard and simply shows that FCB made the mistake of exercising its right of setoff without fulfilling its duty to inquire into the true status of the right. See Baker v. Marcus, 114 S.E.2d 617, 621 (Va.1960) ("No mere inadvertence, mistake, or accidental occurrence can be malicious, although negligent.") (quoting Norfolk & Western R.R. v. Lipscomb, 17 S.E. 809, 812 (Va.1893)). We therefore reverse the award of punitive damages.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART.