873 F.2d 1440
 14 Fed.R.Serv.3d 508
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Muriel M. PATCH; Susan O. Kirkpatrick; Susan E. Wells,
Plaintiffs-Appellants,
v.
A.E. CLARKE, individually and in his capacity as Henrico
County Zoning Conformance Officer; Stanley L. Burcin,
individually and in his capacity as Henrico County Planning
and Zoning Inspector, Defendants-Appellees.
 No. 88-1129.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 6, 1989.
Decided: April 13, 1989.
 
 Malvin Wallace Brubaker, for appellants.
 Joseph Paul Rapisarda, Jr., County Attorney (J. Thomas Tokarz, Assistant County Attorney; W. Todd Benson, Assistant County Attorney, on brief), for appellees.
 Before DONALD RUSSELL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Muriel M. Patch, Susan O. Kirkpatrick, and Susan E. Wells (the protesters) appeal from decisions of the district court entering judgment against them on a jury verdict and denying them injunctive relief. We affirm.
 
 
 2
 Patch, Kirkpatrick, and Wells have been engaged since 1980 in picketing and sign-posting protesting the actions of a church in Henrico County, Virginia. They sued several county officials, alleging that the county's sign ordinance was unconstitutional. They tried before a jury their claim that the ordinance was selectively enforced against them, and the jury returned a verdict for the officials. The district court then held that the ordinance is constitutional. The protesters contend that the district court erred in finding the ordinance constitutional and in denying their motion to join Henrico County as a defendant.
 
 
 3
 * The protesters claim that they are entitled to join Henrico County as a party, relying on Brandon v. Holt, 469 U.S. 464 (1985). In Brandon, the Supreme Court permitted joinder of a municipality in a suit under 42 U.S.C. Sec. 1983, where the suit was against a municipal officer in his official capacity, and the officer had been found liable. Joinder was permitted after the verdict to allow recovery against the city. Brandon does not, however, stand for the proposition that every section 1983 plaintiff may join a municipality as a matter of right at any stage of the litigation. Rather, the Supreme Court characterized Brandon joinder as analogous to an amended pleading under Federal Rule of Civil Procedure 15. See Brandon, 469 U.S. at 471 n. 19. Under Rule 15, a plaintiff is entitled to amend the complaint once as a matter of right, but permission for subsequent amendments lies within the discretion of the district court. Because Rule 15 motions generally are to be granted freely, denial of leave to amend must be grounded on "a showing of prejudice, bad faith, futility or dilatoriness associated with the motion." Ward Electronics Service v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir.1987).
 
 
 4
 The protesters had previously amended their complaint once. They first sought joinder on the morning the case came on for trial. The district court characterized the motion as falling under Rule 19, which provides for joinder of a necessary party. It concluded that Henrico County was not a necessary party. It also ruled that the motion was dilatory and that joinder would be futile, conditions justifying denial of a motion to amend the pleadings. Damages against the defendants in their official capacities would achieve the same result as damages against the county, for here, as in Brandon, the county had notice of the action. The district court noted in denying the motion that if the officials were liable the county would pay the judgment. Because the verdict was in favor of the officials, there was no need to amend the pleadings after the trial to join the county. Also, if the protesters had been entitled to injunctive relief, an injunction against the officials who enforce the ordinance would be tantamount to an injunction against the county. The outcome of the trial distinguishes this case from Brandon. Under either Rule 15 or Rule 19, the district court did not abuse its discretion in denying Patch leave to join Henrico County.
 
 II
 
 5
 Henrico County ordinance section 22-104(a)(7)d prohibits "any sign erected on public land other than those erected at the direction of duly authorized public authority." The protesters contend that this provision of the ordinance is unconstitutional because it unjustifiably burdens their right to speak and that it is unnecessary in view of the fact that they post signs on public property only a few hours each week. The county officials point out that section 22-104 of the ordinance declares that its purpose is to promote traffic safety and enhance the community appearance. In upholding the constitutionality of the ordinance, the district court found that the ordinance advanced the county's goals of aesthetics and safety.
 
 
 6
 This aspect of the case is governed by Members of City Council v. Taxpayers for Vincent, 466 U.S. 789 (1984), which involved an attack by supporters of a political candidate against a Los Angeles ordinance that prohibited the posting of signs on public property. The Court upheld the validity of the ordinance. Drawing on its precedents, the Court reiterated that a regulation affecting speech must be content-neutral and must be narrowly tailored to further an important or substantial governmental interest unrelated to the suppression of free expression. See 466 U.S. at 804-05. The Court also emphasized that existence of ample alternative modes of communication is an important factor in determining whether a regulation is permissible. See 466 U.S. at 812. The Court identified aesthetics as a substantial governmental interest. See 466 U.S. at 812.
 
 
 7
 The county's ordinance is content neutral. A jury found that it was not selectively applied against the protesters. It advances the substantial interests of aesthetics and traffic safety. The record discloses that on occasion when the protesters posted their signs on public property, the vision of drivers was impaired. The protesters have alternative means of communication. They can distribute handbills and they can picket carrying signs on public property. In agreement with the district court, we conclude that the ordinance's prohibition against posting signs on public property is constitutional.
 
 III
 
 8
 Two landowners have given the protesters permission to post signs on their property. Section 22-104(b)(1) requires county permits for posting signs on private property. The application for the permit must disclose, among other specifications, the size, location, and wording of the sign. The ordinance permits a sign of 32 square feet in the zone applicable to this case. The sign must be set back 15 feet from the street line. Signs of two square feet are also permitted, but they, too, must be set back.
 
 
 9
 The protesters contend that the requirement for a permit is selectively enforced against them. Specifically they protest the requirement that they disclose the wording of their signs in their applications and the 15-foot setback requirement. They complain that their applications were unlawfully denied.
 
 
 10
 A jury found that the ordinance was not being selectively enforced and that their applications were denied because of procedural deficiencies and not because of the wording of their signs. The protesters have not contested the sufficiency of the evidence to sustain the verdict.
 
 
 11
 The protesters also claim that the ordinance is vague and overbroad. They did not, however, allege that the ordinance was facially unconstitutional. Their pro se complaint attacks the ordinance as applied to them. Nevertheless, the district court, while recognizing the omission in the complaint, addressed their claims of vagueness and overbreadth and found them to be without merit.
 
 
 12
 The district court properly ruled that the ordinance is not vague or overbroad, pointing out that section 104-(b)(7) provides that any permitted sign may contain noncommercial speech. It accepted Henrico County's evidence that sign applicants are required to disclose the contents of a proposed sign only to ascertain whether the sign is commercial or noncommercial and that permits are issued as a matter of right for noncommercial signs, without further inquiry into their content. There is no vagueness in the differentiation between commercial and noncommercial speech. This court has upheld a similar sign licensing scheme. See Major Media of the Southeast, Inc. v. City of Raleigh, 792 F.2d 1269, 1271 (4th Cir.1986). The ordinance's permit requirement is not an unconstitutional prior restraint on speech.
 
 
 13
 Moreover, the protesters have not demonstrated that the ordinance is overbroad. They have not pointed to any protected speech unconstitutionally abridged by the regulation, nor have they distinguished the Henrico County ordinance from similar sign regulations upheld by this court in several other cases. See, e.g., Naegele Outdoor Advertising, Inc. v. City of Durham, 844 F.2d 172, 173-74 (4th Cir.1988); Georgia Outdoor Advertising, Inc. v. City of Waynesville, 833 F.2d 43, 45-46 (4th Cir.1987); Major Media, 792 F.2d at 1272-73.
 
 
 14
 One of the protesters' applications was denied because it failed to comply with the requirement that signs be set back 15 feet from the right of way. A county official testified that the purpose of the setback was to afford clear vision of persons exiting the property's driveway or a neighboring driveway. The district court credited this testimony and found this provision consistent with the county's interest in maintaining traffic safety. Promotion of this interest is a legitimate exercise of a municipality's police power. See Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 508-09 (1981).
 
 
 15
 The protesters also assert that the ordinance offends the first amendment by unduly burdening their free exercise of religion. The Supreme Court rejected an analogous objection in Vincent. There, supporters of a political candidate argued that the Los Angeles ordinance prohibiting posting of signs on public property violated the first amendment right of political advocacy. The Supreme Court, however, explained that carving an exception for political speech and not for other types of expression, such as signs promoting religion, would risk engaging in discrimination based on the message of the sign. See Vincent, 466 U.S. at 815-16. Conversely, to permit all noncommercial signs on public property, or on private property without regard to setback requirements, would compromise a municipality's substantial interest in public safety.
 
 
 16
 The ordinance's effect on the protester's religious demonstration is not of constitutional magnitude. Under the ordinance, the protesters will still be able to picket the church and to post signs complying with a set-back restriction. Although enforcement of the ordinance may require them to post fewer signs, their protest will be substantially unimpaired. The Henrico County ordinance is a valid regulation of the time, place, and manner of speech, and is constitutional.
 
 
 17
 AFFIRMED.