R. Ernest COHN, D.C.,
D.A.B.C.O., Plaintiff,

v.

WILKES GENERAL HOSPITAL; Andrew L. Kilby, individually and as Chairman of the Board of Trustees; John L. Bond, M.D., Ralph G. Buchan, Neil G. Cashion, Jr., C. Dennis Faw, George S. Forester, Jr., Paul C. Holbrook, John Q. Myers, Rex Reeves, and Alvin A. Sturdivant, Jr., individually and as Trustees of Wilkes General Hospital; John L. Bond, M.D., John Bennett, M.D., Phillip E. Compeau, M.D., Larry S. Kilby, M.D., Karolen C. Bowman, M.D., Donald D. Peterson, M.D., Kirk D. Gulden, M.D., John G. Oliver, M.D., James K. Hartye, M.D., Thomas K. McMahan, M.D., Leonard A. Baugham, M.D., Mark D. Andrews, M.D., J. Thomas Bowman, M.D., William L. Bundy, M.D., Duane H. Smith, M.D., John Q. Myers, M.D., and Jerry F. Watson, M.D., individually and as members of the Medical Staff of Wilkes General Hospital, Defendants.

No. ST-C-88-44.

United States District Court,
W.D. North Carolina,
Statesville Division.

June 29, 1989.

B. Ervin Brown, III, Moore & Brown, Winston–Salem, N.C., for plaintiff.

E. James Moore, North Wilkesboro, N.C., for Wilkes Gen. Hosp.

Roddey M. Ligon, and Jeanne Schulte Scott, Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., for defendants, Kilby, Bond, Buchan, Cashion, Faw, Forester, Holbrook, Myers, Reeves, Sturdivant, Bowman, Gulden, Oliver, and J. Thomas Bowman.

William Kearns Davis, Bell, Davis & Pitt, Winston–Salem, N.C., for defendants, Bennett, Compeau, Kilby, Peterson, McMahan, Bundy and Watson.

W. Harold Mitchell, Mitchell, Blackwell, Mitchell & Smith, Valdese, N.C., for defendants, Hartye, Baugham, Andrews and Smith.

## MEMORANDUM AND ORDER

RICHARD L. VOORHEES, District Judge.

### I. INTRODUCTION

THIS MATTER is before the Court to decide numerous pretrial motions. Plain-

tiff filed his original complaint on April 12, 1988, alleging that Defendants conspired to deny him medical staff privileges at Wilkes General Hospital in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2 and Clayton Act § 15 (1976), and engaged in unfair competition in violation of N.C. Gen. Stat. § 75–1.1 (1977). Defendants have denied all of Plaintiff's allegations.

The Court conducted a hearing on December 6, 1988, at Statesville, North Carolina, regarding Plaintiff's motions to amend his complaint, Defendants' motion to dismiss Plaintiff's second amended complaint, Defendants' motions for summary judgment, discovery motions from Plaintiff and Defendants, and Defendants' motion for a stay and protective order.

## II. PENDING MOTIONS

### A. Amended Complaint

Plaintiff filed a motion on July 7, 1988, for leave of court to amend his complaint a second time. Defendants filed a motion on September 28, 1988, to dismiss Plaintiff's second amended complaint. Plaintiff then filed a motion on November 8, 1988, for leave to amend his complaint a third time. Defendants have filed objections to Plaintiff's third amended complaint.

Plaintiff's second amended complaint seeks to change his pendant state claim from one for unfair trade practices pursuant to N.C.Gen.Stat. § 75–1.1 (1977) to one for violation of N.C.Gen.Stat. § 90–153 (1977), a North Carolina statute that allows licensed chiropractors to practice in North Carolina public hospitals. Plaintiff's third amended complaint seeks to drop Wilkes General Hospital as a party defendant, and to correct potential pleading irregularities, but does not alter Plaintiff's basic causes of action against the remaining Defendants for unlawful contracts and restraint of trade and commerce, attempted monopoly, and violation of N.C.Gen.Stat. § 90–153 (1977).

"[A] party may amend [its] pleading ... by leave of court ...; and leave shall be freely given when justice requires." Fed. R.Civ.P. 15(a). "Permission may be grant-

ed [to supplement pleadings] even though the original pleading is defective in its statement of a claim for relief...." Fed. R.Civ.P. 15(d).

The general policy embodied in the federal rules favoring resolution of cases on their merits limits a court's discretion to deny leave to amend. *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987). A court may not "use its discretion either arbitrarily, or in a way that undermines the basic policy of the rule." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980), *cert. denied* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986). *See also, Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ There is no evidence before the Court alleging bad faith on the part of Plaintiff in amending his complaint. Defendants have not contended that amendment of Plaintiff's complaint would be futile. Defendants contend that Plaintiff's third amended complaint would be "extremely prejudicial" to them because it would "completely change the nature of the Plaintiff's allegations against [Defendants]." (Defendants Objections to Plaintiff's Third Amended Complaint.) "[T]he fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial ..." of a motion to amend Plaintiff's complaint. *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987).

Accordingly, Plaintiff's second and third motions to amend his complaint are granted, Defendants' motion to dismiss Plaintiff's second amended complaint will be denied.

Plaintiff is alerted to the fact that any further requests for leave to amend will be scrutinized closely. Prejudice to Defendants may be shown by multiplicity of amendments alone.

B. *Summary Judgment*

Defendants filed two motions for summary judgment based on statutory immunity and other grounds.

 A motion for summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is generally not favored in an antitrust case. *Terry's Floor Fashions v. Burlington Indust., Inc.*, 763 F.2d 604, 610 (4th Cir.1985). Plaintiff filed his most recent motion to amend his complaint on November 7, 1988. Defendants' summary judgment motions were filed on September 28, 1988. Based on Plaintiff's third amended complaint, the Court finds that there are genuine issues as to material facts at this preliminary stage. Accordingly, Defendants' motion for summary judgment based on statutory immunity and Defendants' motion for summary judgment based on *factual* issues are denied.

The Plaintiff's motion for an extension of time to respond to Defendants' motions for summary judgment is rendered moot by this Order.

C. *Discovery*

Both Plaintiff and Defendants agreed that the Court should decide pending discovery motions based on submitted briefs if Defendants' motions for summary judgment and for dismissal were denied. This being the case, the Court now turns its attention to pending discovery motions.

1. Amendment to the pretrial order:

At the motions hearing, the Court announced it would amend the pretrial order to extend the discovery deadline in this action. Counsel for Plaintiff advised the Court that Plaintiff's discovery was almost complete and he would need two additional weeks to complete discovery. Counsel for Defendants requested an additional 180 days to complete discovery. The Court finds that an additional 90 days to be a reasonable amount of time for the parties to complete discovery. Accordingly, the pretrial order entered in this matter is amended to extend the discovery deadline 90 days from the filing date of this Order. Plaintiff's motion to extend discovery, filed on July 14, 1988, is rendered moot by the Court's action above.

2. Plaintiff's discovery motions:

On July 14, 1988, Plaintiff filed a motion for the Court to compel Defendants to answer questions relating to Defendants' denial of Plaintiff's application for medical staff privileges. Plaintiff wants all information discussed, regarding Plaintiff, during executive sessions of the Wilkes General Hospital and the North Wilkesboro City Council. Defendants regard this information as privileged and, thus, not discoverable.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Fed.R.Civ.P. 26(b)(1). "[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed.R.Evid. 501.

Under North Carolina law, "a public body may hold an executive session and exclude the public ... to hear, consider, and decide matters involving admission ... of members of the medical staff of a public hospital." N.C.Gen.Stat. § 143–318.11(a)(17) (1986). It is further provided that "minutes and other records made of an executive session may be withheld from public inspection so long as public inspection would frustrate the purpose of the executive session." N.C.Gen.Stat. § 143–318.11(d) (1986).

The term "public body" includes:

any authority, board, commission, committee, council, or other body of the State, or of one or more counties, cities ... or public corporations ... composed of two or more members; and [which]

(1) exercises or is authorized to exercise a legislative, policy-making, quasi-ju-

dicial, administrative, or advisory function; and

(2) [Is established by recognized legal authority]. In addition, 'public body' means (1) the governing board of a 'public hospital'. . . .

N.C.Gen.Stat. § 143–318.10(b) (1986).

"Public hospital" is defined as:

any hospital that (1) is operated by a county, city, hospital district or hospital authority, or (2) is owned by [one of the above] and operated by a nonprofit corporation or association, a majority of whose board of directors or trustees are appointed by the governing body of [one of the above], or (3) on whose behalf a county or city has issued [bonds] or . . . makes current appropriations. . . .

N.C.Gen.Stat. § 159–39(a) (1973). Wilkes General is a public hospital.

" 'Governing body' means the Board of Trustees [that] maintain[s] and control[s] the hospital." N.C.Gen.Stat. § 131E–76(2) (1985).

A public hospital board and a city council constitute "public bodies" with the authority to go into the privileged forum of executive session. *See e.g., News & Observer Publishing Co. v. Wake County Hospital System,* 55 N.C.App. 1, 284 S.E.2d 542 (1981), *cert. denied,* 305 N.C. 302, 291 S.E.2d 151, *app. dis. and cert. denied,* 459 U.S. 803, 103 S.Ct. 26, 74 L.Ed.2d 42 (1982); and *Whisenhunt v. Zammit,* 86 N.C.App. 425, 358 S.E.2d 114 (1987).

The North Carolina General Statutes further state:

The proceedings of a medical review committee, the records and materials it produces and the materials it considers shall be confidential and not public records . . . and shall not be subject to discovery or introduction into evidence in any civil action against a hospital or a provider of professional health services which results from matters which are the subject of evaluation and review by the committee.

N.C.Gen.Stat. § 131E–95(b) (1983).

"The statute protects only a medical review committee's (1) proceedings; (2) records and materials it produces; and (3) materials it considers." *Shelton v. Morehead Memorial Hospital,* 318 N.C. 76, 83, 347 S.E.2d 824 (1986). "The *Shelton* decision is consistent with decisions of other jurisdictions that have enacted a statutory discovery privilege for medical review committees in an effort to encourage candor in review committee proceedings. The legislatively created discovery privilege is designed to improve the quality of health care in hospitals." Note, *Civil Procedure—Discovery of Medical Records in a Corporate Negligence Action,* 10 Campbell L.Rev. 193, 215 (1987).

Privileged material is not discoverable. Fed.R.Civ.P. 26(b)(1). If there is a state law claim, federal courts look to state law to determine the availability of a privilege. Fed.R.Evid. 501. Plaintiff's complaint includes a pendant state claim alleging liability of Defendants based on their violation of N.C.Gen.Stat. § 90–153 (1977). North Carolina state law recognizes a privilege protecting the proceedings of a medical review committee. N.C.Gen.Stat. § 131E–95(b) (1983).

Although privilege exists as to his state law claim, Plaintiff urges the Court to compel discovery of Defendants' peer review activity as it relates to Plaintiff's federal antitrust action.

In the "Health Care Quality Improvement Act of 1986," § 401 of Pub.L. 99–660, 42 U.S.C. § 11101 *et seq.;* the U.S. Congress made the following finding:

(4) The threat of private money damage liability under Federal laws, including treble damage liability under Federal antitrust law, *unreasonably discourages physicians from participating in effective professional peer review.* [Emphasis supplied.]

Section 11111(a)(1)(A) limits the liability of the "professional review body" from all "damages under any law of the United States or of any state (or political subdivision thereof) with respect to. the action." By definition, 42 U.S.C. § 11151(11), the term "professional review body" includes the hospital, its governing body, or any committee of a health care entity which

conducts professional review activity, including any committee of the medical staff of such entity when assisting the governing body in a professional review activity. The term "professional review action" includes the granting or denial of privileges at the hospital. 42 U.S.C. § 11151(9). Although this law did not become effective until after many of the events changed in this case, the very existence of the Act and the Congressional findings incorporated into the body of the law itself, support the public policy which protects as privileged the medical review process.

 Thus, there is both a state privilege, N.C.Gen.Stat. § 143–318.11(a)(17) (1988) and a federal immunity principle which are applicable to this case. Accordingly, Plaintiff's motion to compel discovery is denied.

On August 30, 1988, Plaintiff filed a motion to compel Defendant A.L. Kilby to provide complete and responsive answers to interrogatories Nos. 7 through 13. Based on the interrogatories, Dr. Kilby's responses which accompanied Plaintiff's motion to compel, and the parties' briefs, the Court finds that Defendant Kilby has fully answered interrogatories 7 through 13 and that he stated his replies to the best of his knowledge, recollection, and information. Accordingly, Plaintiff's motion to compel Defendant Kilby to provide more complete answers to interrogatories 7 through 13 is denied.

On August 30, 1988, Plaintiff filed a motion to compel Defendant Wilkes General Hospital to comply with Plaintiff's request for documents. By allowing Plaintiff to amend his complaint for a third time, Defendant Wilkes General Hospital is no longer a party to this lawsuit. Accordingly, Plaintiff's motion to compel Wilkes General Hospital to produce certain documents is denied.

On October 14, 1988, Plaintiff filed a motion to compel Wilkes General Hospital to produce an appropriate individual as a Fed.R.Civ.P. 30(b)(6) witness and for sanctions. Again, with this Order, Wilkes General Hospital is no longer a party to this lawsuit. Accordingly, Plaintiff's motions

to compel and for sanctions, filed on October 14, 1988, are denied.

3. Defendants' pending discovery motions:

On July 20, 1988, Defendants, Duane H. Smith, James K. Hartye, Leonard A. Baugham, and Mark D. Andrews, filed a motion for a court order compelling Plaintiff to answer certain questions posed to him at a deposition on June 15, 1988. Defendants regard their questions to be relevant and unobjectionable. Plaintiff does object and contends that Defendants' questions were irrelevant and duplicative.

Based on the motion filed, the parties' briefs, and the transcript of Plaintiff's response to Defendants' questions, the Court finds that Plaintiff has answered Defendants' questions and to compel Plaintiff to respond further would be needlessly cumulative discovery. Discovery "shall be limited by the court if it determines that ... the discovery sought is unreasonably cumulative or duplicative...." Fed.R.Civ.P. 26(b)(1). Accordingly, Defendants' motion to compel discovery filed July 20, 1988, is denied.

On October 19, 1988, Defendant Wilkes General Hospital filed a motion to compel discovery and responses to its first set of interrogatories. By the Court allowing Plaintiff to amend his complaint for a third time, Wilkes General Hospital is no longer a party to this lawsuit. Accordingly, Wilkes General Hospital's motion to compel discovery is denied.

### D. *Stay and Protective Order*

On September 29, 1988, Defendant Wilkes General Hospital filed a request for a stay and a protective order pursuant to Fed.R.Civ.P. 65 and Local Rules 7 and 8 of the Western District of North Carolina. Defendant Hospital requested an order staying all processing of Plaintiff's September 6, 1988, application for privileges at Wilkes General Hospital. By the Court allowing Plaintiff to amend his complaint for a third time, Wilkes General Hospital is no longer a party to this lawsuit. Accord-

ingly, Defendant Hospital's request for a stay and protective order is denied.

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. That Plaintiff's motion to amend his complaint, filed on July 14, 1988, is ALLOWED;

2. That Plaintiff's motion to amend his complaint, filed on November 8, 1988, is ALLOWED;

3. That Defendants' motion to dismiss Plaintiff's amended complaint filed on September 28, 1988, is DENIED;

4. That Defendants' motion for summary judgment based on factual issues filed on September 28, 1988, is DENIED;

5. That Defendants' motion for summary judgment based on statutory immunity filed on September 28, 1988, is DENIED;

6. That Plaintiff's motion for extension of time to respond to Defendants' motions for summary judgment is rendered MOOT by this Order;

7. That the pretrial order in this action is amended to extend the deadline for discovery ninety (90) days from the date of this Order;

8. That Plaintiff's motion to extend discovery filed July 14, 1988, is rendered MOOT by this Order;

9. That Plaintiff's motion to compel Defendants to answer questions regarding Defendants' denial of Plaintiff's application for staff privileges filed on July 14, 1988, is DENIED;

10. That Plaintiff's motion to compel more complete answers from Defendant A.L. Kilby filed on August 30, 1988, is DENIED;

11. That Plaintiff's motion to compel Wilkes General Hospital to produce documents filed August 30, 1988, is DENIED;

12. That Plaintiff's motion to compel Wilkes General Hospital to name an appropriate individual as a Fed.R. Civ.P. 30(b)(6) witness filed on October 14, 1988, is DENIED;

13. That Plaintiff's motion for sanctions filed on October 14, 1988, is DENIED;

14. That Defendants' motion to compel Plaintiff to answer certain questions filed July 20, 1988, is DENIED;

15. That Defendants' motion to compel discovery filed October 19, 1988, is DENIED; and

16. That Defendants' request for a stay and protective order filed on September 29, 1988, is DENIED.