**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MICHAEL E. LANE,
Defendant-Appellant,

and

EXCHANGE BANK OF KINGSTREE;
BARCLAYS AMERICAN LEASING; TRI
COUNTY TRACTOR; CAROLINA

No. 98-2598

EASTERN-DUKE, INCORPORATED;
NATIONAL BANK OF SOUTH CAROLINA;
SOUTHERN FARM BUREAU INSURANCE
COMPANY; BANK OF GREELEYVILLE;
ROYSTER-CLARK, INCORPORATED; JOHN
DEERE COMPANY,
Defendants,

v.

CAROL G. LANE,
Third Party Defendant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CA-95-2602-4-2)

Submitted: July 20, 1999

Decided: September 20, 1999

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Craig Young, WILLCOX, BUYCK & WILLIAMS, P.A., Florence, South Carolina, for Appellant. J. Rene Josey, United States Attorney, LaVerne H. Manning, UNITED STATES ATTORNEY'S OFFICE, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael E. Lane appeals from the district court's orders denying his motion to compel settlement, denying his motion to file an amended answer, granting summary judgment in favor of the United States, and denying his motion for reconsideration. Finding no abuse of discretion by the district court, we affirm these orders.

In 1994, the Farm Service Agency ("FSA") notified Lane that his loans were in default and had been accelerated. Thereafter, Lane made several settlement proposals, which were rejected. FSA filed its foreclosure action in August 1995. In October 1996, Lane moved the court to compel settlement, asserting that he had engaged in settlement negotiations with the Loan Resolution Task Force and had been informed that the lowest settlement offer the United States would consider was $305,000. Lane then sought financing to settle the account with FSA. He contends that the United States subsequently withdrew its offer. The district court found that no agreement had been reached between the parties and denied the motion to compel settlement.

Lane then moved for leave to file an amended answer to assert a counterclaim and several defenses based on the alleged settlement

2

contract between the United States and Lane. Finding that amendment would prejudice the United States and would be futile, the district court denied the motion for leave to file an amended answer.

The United States then moved for summary judgment. Finding no genuine issue of material fact, the district court granted summary judgment for the United States. After the court denied Lane's motion for reconsideration finding that it was an attempt to relitigate issues already determined by the court, Lane noted his appeal.

Lane failed to present evidence that an agreement had been reached by the parties. At best, he has shown that the United States expressed a willingness to consider an offer at a specified amount, and, after Lane submitted an offer in that amount, the United States rejected the offer. Finding no offer and unequivocal acceptance of the offer, see Gaskins v. Blue Cross-Blue Shield, 245 S.E.2d 598, 600 (S.C. 1978); Sossamon v. Littlejohn, 129 S.E.2d 124, 127 (S.C. 1963), the district court properly denied Lane's motion to compel settlement.

Because his proposed amended answer asserted a counterclaim and defenses based on his erroneous contention that a settlement agreement had been reached and other defenses which were not sufficiently alleged, the district court did not abuse its discretion in denying Lane's motion for leave to amend his answer. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elecs. Serv. Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (leave to amend may be denied based on "prejudice, bad faith, futility, or dilatoriness associated with the motion.").

Because Lane had his opportunity to be heard by presentation of motions, memoranda, and affidavits, he has failed to show that the district court abused its discretion in deciding the motions without holding hearings. See Cray Communications, Inc. v. Novatel Computer Sys. Inc., 33 F.3d 390, 396 (4th Cir. 1994) (no requirement that hearing be held prior to entry of summary judgment), cert. denied, 513 U.S. 1191 (1995); see also D.S.C. Local R. 7.08 ("Unless [ ] ordered [in the discretion of the court], motions shall be determined without a hearing.").

Lastly, we find no abuse of discretion in the district court's denial of Lane's Fed. R. Civ. P. 59(e) motion. Lane rested his Rule 59(e)

3

motion on the ground that reconsideration of the issue was necessary to prevent manifest injustice from occurring due to errors of his former counsel. However, negligence by counsel is an insufficient basis to overturn a judgment. <u>See Kagan v. Caterpillar Tractor Co.</u>, 795 F.2d 601, 611-12 (7th Cir. 1986) (decided under Fed. R. Civ. P. 60(b)); <u>Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat</u>, 902 F.2d 1275, 1278 (7th Cir. 1990) (negligence by counsel does not warrant Rule 60(b) relief). Also, a Rule 59(e) motion is not proper merely to relitigate matters already determined. <u>See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998), <u>cert. denied</u>, ___ U.S. ___, 67 U.S.L.W. 3337 (U.S. Jan. 19, 1999) (No. 98-742). Because Lane sought in his Rule 59(e) motion to reargue his position on the motion to compel settlement, motion to amend answer, and motion for summary judgment, the district court did not abuse its discretion in denying the motion for reconsideration. <u>See id.</u>

In conclusion, we grant the United States' motion to supplement the record with letters evidencing the parties' settlement discussions. We grant the motion to file a supplemental appendix and treat the letters attached to the motion as a supplemental appendix. We also affirm the district court's orders denying Lane's motion to compel settlement, denying his motion for leave to file an amended answer, granting summary judgment for the United States, and denying Lane's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4