989 F.2d 491
 25 Fed.R.Serv.3d 311, 22 UCC Rep.Serv.2d 1050
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred BASHAM; Sylvia Basham, his wife; James Eugene
Bowling; Betty Jo Bowling, his wife; Woodrow Wilson Brogan,
Jr.; Theresa Brogan, his wife; Dennis L. Cook; Eva Cook,
his wife; Brice Jean Crook; Connie Crook, his wife; David
Lucas; Frances Lucas, his wife; Gene Miller; Doris
Miller, his wife; Rocky Nelson; Sue Nelson, his wife;
Ronnie Nelson; Tamara Nelson, his wife; Emory A. Richmond;
Donna Richmond, his wife; Alfred L. Faulkner; Peggy W.
Faulkner, his wife; Batteries, Incorporated, a Corporation;
Norman Crook; Patricia Crook, his wife; John Daniel;
Helen Daniel, his wife; Luther Green; Frances Green, his
wife; Hobert Honaker; Louise Honaker, his wife; Glen Hunt;
Nancy Hunt, his wife; Edward Liu; Karman Liu, his wife;
Joseph A. Maiolo; Florence Sandra Maiolo, his wife; Roger
Mitchem; Judy Mitchem, his wife; Walter W. Setliff;
Shelby Jean Setliff, his wife; Lacy Darel Shrewsbury;
Delores Edith Shrewsbury, his wife; Paul Zutaut; Rebecca
Zutaut, his wife; Roger Dale Bragg; Jo Ellen Bragg, his
wife; William Lee Brash; Willie Sue Brash, his wife;
Estil Price Brooks; Lorita Mae Brooks, his wife; Richard
L. Smith; Christine Smith, his wife; Deskar L. Brogan;
Clorine Brogan, his wife; David Wayne Brown; Paul Burrell;
Ruby Burrell, his wife; Richard E. Daniels; Ernest L.
French; Elsie Jane French, his wife; James R. Fox, Jr.;
Sallie Ann Fox, his wife; Eugene A. Hicks, Sr.; Sue Ann
Hicks, his wife; Danny Mansfield; Ola R. Mansfield, his
wife; Robert Eugene Martin; Wanda Kay Martin, his wife;
Enoch McKinney; Helen Louise McKinney, his wife; Bessie
Richmond; Chester Tankersley; Nadell Tankersley, his wife;
Robert Underwood; Roger Wimmer; Carmen Wimmer, his wife;
William Donald Wise, Sr.; Mary Ann Wise, his wife; Dolphis
R. Wood; Carol S. Wood, his wife; Lena Conte, plaintiffs-appellants,
v.
GENERAL SHALE PRODUCTS CORPORATION, a corporation which may
or may not be licensed to do business within the
State of West Virginia but which is
doing so, Defendant-Appellee.
Robert Bolen, Jean Verletta Bolen, husband and wife; Thomas
C. Martin; Clyde D. Ratcliffe, Beverly Ratcliffe, hsuband
and wife; George Buchanan, Edna Buchanan, husband and wife;
David G. Perry, Nancy R. Perry, husband and wife; William E.
Painter, Myra Painter, husband and wife; Jim Sarver, Janie
Sarver, husband and wife; Anna Mae Lyons, Robert W. Lyons,
husband and wife; Robert W. Edwards, Linda Edwards, husband
and wife; Lesley Vest, Bonita Vest, husband and wife; John
Sylvester, Ava Sylvester, husband and wife; William A.
Moore, Nancy Moore, husband and wife, plaintiffs-appellant,VSv.
W GENERAL SHALE PRODUCTS CORPORATION, a corporation which
may or may not be licensed to do business within
the State of West Virginia but which is
doing so, Defendant-Appellee.
 Nos. 92-1608, 02-1607.
 United States Court of Appeals,
Fourth Circuit.
 Argued: November 30, 1992
Decided: March 10, 1993
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CA-86-785-5, CA-86-922-1, CA-87-288-5, CA-88-460-5, CA-881304-5)
 Ben B. White, III, WHITE'S LAW OFFICES, Princeton, West Virginia, for Appellants.
 Michael C. Lynch, REED, SMITH, for appellee.
 John M . Wood, REED, SMITH, SHAW & MCCLAY, Washington, D.C., for Appellee.
 John File, FILE, PAYNE, SCHERER & BROWN, Beckley, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED IN NO. 92-1607 and AFFIRMED IN PART AND REVERSED IN PART IN NO. 92-1608.
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 SPROUSE, Senior Circuit Judge:
 
 OPINION
 
 1
 In two separate diversity actions, 105 homeowners sued General Shale Products Corporation, the manufacturer of purportedly defective bricks, for breach of warranty and fraud. The district court granted the defendant's summary judgment motion,[1] holding that (1) the warranty claims were barred under the West Virginia Commercial Code's four-year statute of limitations, and (2) the fraud claims, which were not time-barred because they did not fall under the Code's statute of limitations, failed nonetheless because plaintiffs had alleged insufficient facts to establish the element of reliance. The homeowners filed this consolidated appeal. On the fraud claims, we affirm the summary judgment for General Shale against all the plaintiffs. On the warranty claims, we affirm the summary judgment against all but three of the plaintiffs. Because the district court erroneously concluded that plaintiffs David Brown, Richard Smith, and Christine Smith filed their warranty claims outside the statute-oflimitations period, we reverse in part.
 
 
 2
 * Between the mid-1970s and the early 1980s, the plaintiffs, 105 West Virginia and Virginia residents, bought allegedly defective bricks manufactured by General Shale, a Tennessee corporation. The plaintiffs did not purchase the bricks directly from General Shale, but through third parties. Some of the plaintiffs bought the bricks from retail vendors and then built their homes with them. Others purchased new homes that intermediaries had built with the bricks; the intermediaries, in turn, had purchased the bricks from retailers or from General Shale. Sometime after the purchases, the bricks split and cracked, allowing water to leak into the plaintiffs' homes.
 
 
 3
 The complaints in the two actions below, Basham v. General Shale Products Corp., No. 5:86-0785 (S.D.W. Va.), and Bolen v. General Shale Products Corp., No. 5:88-1304 (S.D.W. Va.), were filed in July 1986 and September 1988. Alleging breach of warranty and fraud, plaintiffs maintained that they had purchased the bricks "under the assumption that bricks will last at least a lifetime," that General Shale knew or should have known the bricks were defective because they failed to meet standards set by the American Society of Testing and Materials (ASTM), that the plaintiffs would not have purchased the bricks had they known they were defective, and that General Shale defrauded the plaintiffs by selling the bricks to third parties (who sold them to the plaintiffs) after misrepresenting that the bricks met ASTM standards. Plaintiffs alleged only economic, not physical, injury.
 
 
 4
 In September 1986 General Shale moved for summary judgment in Basham. It argued that the action, which plaintiffs had filed more than six years after they bought their bricks, was barred under the fouryear statute of limitations imposed by the West Virginia Commercial Code. See W. Va. Code § 46-2-725.[2] Plaintiffs responded by filing a motion, which the district court granted, to certify certain questions to the West Virginia Supreme Court of Appeals.
 
 
 5
 On February 22, 1989, the West Virginia court issued a unanimous opinion answering all the certified questions. Basham v. General Shale Prods. Corp., 377 S.E.2d 830 (W. Va. 1989). It held the following. First, the ten-year statute of limitations in the West Virginia architects' and builders' statute, W. Va. Code § 55-2-6a, did not apply here. Basham, 377 S.E.2d at 833. Second, the discovery rule-which tolls the statute of limitations until the plaintiff discovers the injury, the identity of the manufacturer of the defective product, and the causation between the product and the injury-applies only in strict liability tort cases. Id. at 835 (citing Hickman v. Grover, 358 S.E.2d 810, 813 (W. Va. 1987)). A strict liability tort claim arises where, unlike here, a defective product causes physical injury or property damage results from a "sudden calamitous event." In contrast, "where the only loss suffered is an economic loss, as in the case of losses which are associated with a 'bad bargain,' the injured party must pursue the remedies provided in the Uniform Commercial Code, subject to the statute of limitations therein." Id. Third, under W. Va. Code § 46-2725(2), the Basham action accrued when the plaintiffs were tendered delivery of their bricks. Because the plaintiffs filed suit more than four years after the cause of action accrued, and because General Shale did not give the plaintiffs an express warranty of future performance (which would have triggered the discovery rule, see W. Va. Code § 46-2-725(2)), plaintiffs' warranty claims were time-barred. Basham, 377 S.E.2d at 835. Fourth, the plaintiffs failed to state their fraud claims with sufficient particularity. Id. at 836 (citing Fed. R. Civ. P. 9(b); W. Va. R. Civ. P. 9(b)).[3] Fifth, the discovery rule would apply to a claim of fraudulent concealment, which the plaintiffs "seem to be asserting," but since the complaint failed to allege any facts to ground such an assertion, the court did not address this issue. Id. at 836 n.7.
 
 
 6
 After the West Virginia Supreme Court of Appeals issued its opinion, General Shale renewed its summary judgment motion. The district court ordered the plaintiffs to file a supplement providing the dates on which the various plaintiffs purchased their bricks. Plaintiffs never complied with this order. Instead, they filed a motion for discovery, seeking evidence "to prove their allegations" of fraud. The district court granted the motion, but also ordered the plaintiffs to state their fraud claims with more particularity, in accordance with Federal Rule of Civil Procedure 9(b). The court later granted a second motion for discovery filed by the plaintiffs. The plaintiffs then filed a third discovery motion, seeking to depose an ex-employee of General Shale. The district court denied the third discovery motion, and granted the defendant's summary judgment motion on both the claims for breach of warranty and the fraud claims.
 
 
 7
 The district court's summary judgment order began by holding for General Shale on the warranty claims. Because a warranty claim is ordinarily barred under the four-year statute of limitations of the West Virginia Commercial Code, see W. Va. Codes 46-2-725(1), the plaintiffs had alleged that they were given an express warranty of future performance, see id. § 46-2-725(2) (discovery rule applies). They had grounded their claims on General Shale's advertisements and brick panel labels, which indicated that the bricks met ASTM standards and could endure severe weather. The district court held, however, that because the advertisements and labels did not indicate a warranty for a precise number of years, there was no express warranty for future performance. See Roxalana Hills, Ltd. v. Masonite Corp., 627 F. Supp. 1194, 1200 (S.D.W. Va. 1986) (holding that a warranty for future performance must be for a definite period of time; warranty for "durability and weatherability" is insufficient), aff'd without opinion, 813 F.2d 1228 (4th Cir. 1987). Therefore, the warranty claims were time-barred.
 
 
 8
 The district court also dismissed the plaintiffs' fraud claims. The court noted that fraud comprises four elements: a misrepresentation made or induced by the defendant, materiality, justifiable reliance, and damage. See Tri-State Asphalt Prods., Inc. v. McDonough Co., 391 S.E.2d 907, 912 (W. Va. 1990). The court then dismissed the claims on two grounds: failure to allege fraud with particularity sufficient to meet Federal Rule of Civil Procedure 9(b), and failure to allege sufficient facts establishing reliance. The court stated:
 
 
 9
 Rule 9(b) requires a plaintiff to plead with particularity the circumstances constituting fraud.... Rule 9(b) necessarily requires a fraud complaint to allege all of the traditional elements of fraud.... Overall, [I] find the Plaintiffs in their papers to have stated their fraud claim with an abundance of conclusory statements. More significant, however, is that the Plaintiffs do not allege sufficient facts to satisfy the element of reasonable reliance.... As this element of the Plaintiffs' fraud claim is not satisfied, the entire fraud claim fails.
 
 
 10
 (Citations omitted.)
 
 
 11
 On appeal, plaintiffs make five arguments: (1) their complaint alleged sufficient facts to establish justifiable reliance, (2) they stated a cause of action for fraud with sufficient particularity, (3) the district court should have granted full discovery before dismissing the complaint, (4) West Virginia's four-year statute of limitations for warranty claims violates the federal Equal Protection Clause, and (5) the district court erred in dismissing warranty claims brought by certain plaintiffs within the four-year statute-of-limitations period. We find merit only in the last contention.
 
 II
 
 12
 We, of course, review the district court's decision to grant General Shale's summary judgment motion de novo. Cohn v. Bond, 953 F.2d 154, 157 (4th Cir. 1991), cert. denied, 112 S. Ct. 3057 (1992). We must uphold the decision if there is no issue as to any material fact and General Shale is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 A.Fraud Claims
 
 13
 Appellants first argue that the district court erred in concluding that their pleadings alleged insufficient facts to establish justifiable reliance, which is an element of fraud. When the district court granted General Shale's summary judgment motion, plaintiffs' pleadings comprised five documents: the complaint, the amended complaint, the second amended complaint, a supplemental pleading to make out the fraud claims with sufficient particularity to meet Federal Rule of Civil Procedure 9(b), and a second supplemental pleading. Appellants contend that these five documents alleged sufficient facts to show that third-party retailers relied on General Shale's misrepresentations about the quality of its bricks-i.e., the retailers bought the bricks and would not have done so but for General Shale's representations that the bricks met ASTM standards.
 
 
 14
 The weakness in appellants' argument is their failure to allege any facts establishing their reliance on General Shale's alleged misrepresentations. The appellants did not allege that they read General Shale's advertisements or brick panel labels claiming falsely that the bricks met ASTM standards, and then purchased the bricks in reliance on those false ads or labels. Nor did they allege any other facts showing that General Shale, the retailers, or the homebuilders communicated these misrepresentations to them. Indeed, appellants concede that they "cannot now, fifteen years or more after the sales, remember what conversations occurred between the retail brick sellers and themselves."
 
 
 15
 In support of their argument that "fraud can be perpetrated upon a third party through use of another party," plaintiffs cite only cases in which the misrepresentations were passed through the third party and communicated to the plaintiff. See, e.g., Tanner v. United States, 483 U.S. 107, 129, 132 (1987) ("Fraud may be established when the defendant has made use of a third party to reach the target of the fraud.") (emphasis added). In Lowance v. Johnson, 84 S.E. 937 (W. Va. 1915), a stock-purchase case, the West Virginia Supreme Court of Appeals stated:
 
 
 16
 The rule of law in such case[s] is that, although the [mis]representations ... were not made directly to the party deceived ... but to another, who communicated them to [the plaintiff] and thereby misled him to his injury, the person making such false representations is liable.
 
 
 17
 Id. at 940 (emphasis added). Unlike in Lowance, the appellants here failed to allege-or even contend on appeal-that the third-party brick retailers and homebuilders communicated the alleged misrepresentations to them.
 
 
 18
 Appellants' only allegation implying reliance is that, in forming their "assumption that bricks will last at least a lifetime," they relied on the fact that the bricks were for sale in retail stores or were in homes that were for sale. We agree with the district court that this allegation is insufficient to support a fraud claim.[4]
 
 
 19
 Although the district court granted summary judgment when there remained factual disputes concerning, among other things, whether General Shale's representations to third-party retailers were false, General Shale would be entitled to judgment as a matter of law even if the factual disputes were resolved in appellants' favor. Therefore, we affirm the district court's decision to grant General Shale summary judgment on the fraud claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because we affirm on the grounds that appellants failed to allege facts showing reliance, we need not address their argument that the district court erred in grounding its decision on the alternative basis that the appellants failed to allege fraud with sufficient particularity to meet Federal Rule of Civil Procedure 9(b).
 
 
 20
 Appellants next contend that the district court erred in dismissing their complaint before granting full discovery, which, they argue, would have resulted in the correction of any pleading defects. They sought to depose an unwilling ex-employee of General Shale who, appellants argue, could not be subpoenaed under Federal Rule of Civil Procedure 45 because he lives in a Tennessee town more than 100 miles from the forum. The ex-employee purportedly has documentary and other evidence of General Shale's defective production practices and cover-up tactics.
 
 
 21
 Although deposing the ex-employee might have helped appellants establish their reliance on the alleged misrepresentations, we cannot conclude that the district court abused its discretion by denying plaintiffs' third discovery motion. See Cohn v. Bond, 953 F.2d 154, 157 (4th Cir. 1991), cert. denied, 112 S. Ct. 3057 (1992). Appellants had already been granted two extensions of time for discovery, and had twice amended and twice supplemented their complaint. By the time the court denied appellants' third discovery motion and granted General Shale's summary judgment motion, the latter had been pending for five-and-a-half years. We think the district court displayed considerable patience and gave plaintiffs great latitude for the completion of discovery. It acted well within its discretion in bringing this longpending matter to conclusion.
 
 B.Warranty Claims
 
 22
 We likewise find no merit to appellants' argument that the fouryear statute of limitations in W. Va. Code § 46-2-725 violates the Equal Protection Clause of the Fourteenth Amendment. Although appellants concede that the warranty claims of all but three plaintiffs are time-barred under § 46-2-725, they contend that the statute violates the Equal Protection Clause by creating two disparate classes of plaintiffs in defective-product cases: those who discover the defect within four years of the product's delivery (and can sue), and those who discover the injury after four years (and cannot sue). Alternatively, appellants categorize the two classes of plaintiffs as (1) those who are physically injured, and thus can bring strict product liability tort claims, for which the discovery rule applies, and (2) those who are only economically damaged, and thus can bring only contract claims, for which the four-year statute of limitations applies. Appellants maintain that § 46-2-725 must survive strict scrutiny, see, e.g., Clark v. Jeter, 486 U.S. 456, 461 (1988), because it affects a fundamental right: the right of access to the courts.
 
 
 23
 We are unpersuaded. Appellants have confused access to the courts with success in court actions. See Bowman v. Niagara Machine & Tool Works, Inc., 832 F.2d 1052, 1054-55 (7th Cir. 1987). Section 462-725, which is West Virginia's adopted version of the Uniform Commercial Code, does not affect a fundamental right and easily survives rationality review. The statute is rationally related to the legitimate governmental objective of avoiding stale claims and ensuring predictability. See also East River S.S. Corp. v. Transamerican Delaval, Inc., 476 U.S. 858, 871 (1986) ("The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary....").
 
 
 24
 Appellants' final contention is that the district court erred in dismissing the warranty claims of three plaintiffs, Richard and Christine Smith and David Brown, who sued within four years of purchasing their allegedly faulty bricks. Because the warranty claims of these three plaintiffs were not time-barred, appellants argue that the district court should have denied General Shale's summary judgment motion as to them. We agree.
 
 
 25
 On May 20, 1985, the Smiths filed an affidavit stating that they had purchased their bricks in 1985, less than four years before they filed suit. The affidavit also stated that the Smiths had given General Shale notice of a defect in the bricks about a year after their purchase, thereby complying with the notice provision of W. Va. Code § 46-2607(3)(a) ("Where a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."). Although General Shale produced an affidavit stating that the Smiths did not give notice of the breach, the district court erred in resolving this factual dispute on summary judgment.
 
 
 26
 We also agree that the district court erred in dismissing Brown's warranty claim. If Brown ever submitted an affidavit providing the date on which he purchased his bricks, it is not in the appendix before us. Nevertheless, because he has consistently argued that he filed his warranty claim within four years of his purchase, the district court erred in resolving this factual issue on summary judgment. We also find it unclear whether Brown filed the requisite notice of breach within a reasonable time.[5] Although Brown concedes that he never sent General Shale a document styled as § 46-2-607(3)(a) notice of breach, his complaint in this case might have served such a purpose. Therefore, the district court erred in rejecting Brown's warranty claim on summary judgment without making a factual finding on this issue.
 
 
 27
 In sum, we reverse and remand to the district court Brown's and the Smiths' claims for breach of warranty. We affirm the order of summary judgment for General Shale on the warranty claims of the remaining appellants, and on the fraud claims of all the appellants.
 
 
 28
 No. 92-1608-AFFIRMED IN PART, REVERSED AND REMANDED IN PART
 
 No. 92-1607-AFFIRMED
 
 
 [1]
 General Shale actually filed a motion to dismiss under Rule 12(b)(6). But because the district court had received materials beyond the pleadings, it treated the motion to dismiss as one for summary judgment. See Fed. R. Civ. P. 12(b)(6), 56
 
 
 [2]
 Section 46-2-725 provides in part:
 (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....
 (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
 
 
 [3]
 Federal Rule of Civil Procedure 9(b) provides: "In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
 
 
 [4]
 We also reject appellants' argument that reliance need not be pleaded or proved. For this proposition they cite federal securities-fraud cases, see, e.g., Blackie v. Barrack, 524 F.2d 891 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976), which are clearly inapposite in a common-law fraud case
 
 
 [5]
 We reject Brown's argument that he was not required to give General Shale notice under § 46-2-607(3)(a). As the West Virginia Supreme Court of Appeals has stated, "[t]his Code section operates to foreclose a buyer who has accepted tendered goods from claiming that the goods are not in accordance with the contract if he fails to give timely notice of the reason why they breach the contract." Hill v. Joseph T. Ryerson & Son, Inc., 268 S.E.2d 296, 302 (W. Va. 1980). Although the Hill court indicated that the notice requirement of § 46-2-607(3)(a) "should not be extended into the product liability field," id. at 303, Brown's claim is for breach of warranty, not product liability. See Basham v. General Shale Prods. Corp., 377 S.E.2d 830, 835 (W. Va. 1989)