R. Ernest COHN, D.C.,
D.A.B.C.O., Plaintiff,

v.

WILKES GENERAL HOSPITAL; Andrew L. Kilby, Individually and as Chairman of the Board of Trustees; John L. Bond, M.D., Ralph G. Buchan, Neil G. Cashion, Jr., C. Dennis Faw, George S. Forester, Jr., Paul C. Holbrook, John Q. Myers; Rex Reeves, and Alvin A. Sturdivant, Jr., individually and as Trustees of Wilkes General Hospital; John L. Bond, M.D., John Bennett, M.D., Phillip E. Compeau, M.D., Larry S. Kilby, M.D., Karolen C. Bowman, M.D., Donald D. Peterson, M.D., Kirk D. Gulden, M.D., John G. Oliver, M.D., James K. Hartye, M.D., Thomas K. McMahan, M.D., Leonard A. Baugham, M.D., Mark D. Andrews, M.D., J. Thomas Bowman, M.D., William L. Bundy, M.D., Duane H. Smith, M.D., John Q. Myers, M.D., and Jerry F. Watson, M.D., individually and as members of the Medical Staff of Wilkes General Hospital, Defendants.

No. ST–C–88–44.

United States District Court,
W.D. North Carolina,
Statesville Division.

March 12, 1991.

B. Ervin Brown, III, Moore & Brown, Winston–Salem, N.C., for plaintiff.

E. James Moore, Rodney M. Ligon, Jr., Womble, Carlyle, Sandridge & Rice, N. Wilkesboro, N.C., William Kearns Davis, Bell, Davis & Pitt, and W. Harold Mitchell, Mitchell, Blackwell, Mitchell & Smith, Winston–Salem, N.C., for defendants.

## MEMORANDUM OF OPINION

RICHARD L. VOORHEES, Chief Judge.

This matter is before the Court for the determination of three motions. The Defendants have moved for summary judgment and for preclusion of thirty-six designated witnesses proposed to be used at trial by the Plaintiff. The Plaintiff has moved for reconsideration of that portion of this Court's Order of June 29, 1989, which denied Plaintiff's motion to compel discovery. The Plaintiff's motion for reconsideration will be denied for the same reasons stated in and supporting the Order of June 29, 1990. The Defendants' motion for summary judgment will be granted, and the motion for preclusion will be declared moot.

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION

The Plaintiff has moved for this Court to reconsider that portion of its prior Order of June 29, 1989, which denied the Plaintiff's request to compel discovery of communications made during executive sessions of various meetings of the Wilkes General Hospital Board of Trustees. However, this Court still adheres to the reasoning expressed in its prior Order (*See Cohn v. Wilkes General Hospital*, 127 F.R.D. 117 (W.D.N.C.1989)) and will deny the motion for reconsideration.

## II. SUMMARY JUDGMENT

The Defendants have moved for summary judgment based upon immunity from antitrust claims, lack of an effect of the denial of hospital privileges on interstate commerce, and lack of a showing by the Plaintiff of a conspiracy among the Defendants. The Defendants contend that the Local Government Antitrust Act of 1984, 15 U.S.C. § 34 *et seq.*, (hereinafter "LGAA") as well as recent decisions from the Fourth Circuit Court of Appeals provide them with immunity from antitrust claims. The Plaintiff contends that the statute does not protect the "private physician Defendants" if they use their official capacities "as a cloak for advancing their private economic interests." Plaintiff's Opposition to Defendants Renewed Motion for Summary Judgment filed November 21, 1989 at 4 (Pleading # 95). The Plaintiff

alleges that he seeks only injunctive relief against the "non-M.D. Board of Trustees Defendants" and that only the private physician Defendants will be required to pay damages, thus upholding the Congressional intent that municipal taxpayers not be required to pay antitrust damages. *Id.* at 5.

The contentions of the Plaintiff are not persuasive. The Fourth Circuit has recently given clear expression to the absolute immunity provided by the LGAA in a case remarkably similar to the present situation. *Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital,* 853 F.2d 1139 (4th Cir.1988). In *Sandcrest* the Fourth Circuit held that the immunity granted by the LGAA extended to a North Carolina county hospital's director, and members of the board of trustees, medical staff, and ad hoc committees. These Defendants had been sued in an antitrust action filed by an association of emergency room physicians whose contract with the hospital had been terminated. Nothing in the present case demonstrates that the reasoning of *Sandcrest* should not be followed.

The Plaintiff contends that under his allegations the individual doctors, unlike the *Sandcrest* defendants, improperly influenced the Board of Trustees in order to protect their professional interest. However, no evidence of improper persuasion has been presented in support of this claim. In addition, the Fourth Circuit itself noted:

> The LGAA makes no provision for consideration of a defendant's motives, and an allegation that an act was done pursuant to a conspiracy is akin to an allegation that it was done in bad faith or with malice. *Cf. Dorman v. Higgins,* 821 F.2d 133, 139 (2d Cir.1987) (claim that a probation officer prepared a false presentence report was properly dismissed on grounds of immunity).

*Sandcrest, supra,* at 1146.

■ All that the Defendants need show in order to assert a valid claim of immunity from antitrust liability is that they acted in an official capacity or were directed by government officials or employees who were themselves acting in their official capacities.

As previously discussed, these standards do not include a consideration of the defendant's intentions. The court considers only the objective questions: (i) whether, in light of the authority invested in a local government, its officials or employees, the actions complained of were lawful and taken within the scope of their authority, ... or (ii) whether, if the defendant is not a local government official or employee, the actions were directed by a local government or one of its officials or employees acting within the scope of his authority.

*Sandcrest, supra,* at 1148 (citations omitted).

Under the reasoning of *Sandcrest,* all of the Defendants have met the second prong of this test and are entitled to immunity under the LGAA for their actions in denying medical privileges to Dr. Cohn. *(See* N.C.Gen.Stat. § 131E–85(a), hospital's board of trustees authorized to make decisions on grants, denials, and scope of privileges). While this determination resolves the question of liability on the part of the Defendants, it does not resolve the claim for injunctive relief raised by the Plaintiff.

■ Plaintiff seeks injunctive relief on the basis of alleged antitrust violations and unfair trade practices, pursuant to § 16 of the Clayton Act, 15 U.S.C. § 26, and N.C. Gen.Stat. § 75–1.1 respectively. Section 16 of the Clayton Act permits injunctive relief "against threatened loss or damage *by a violation of the antitrust laws."* 15 U.S.C. § 26 (emphasis added). As established above, Defendants are immune from antitrust liability and, therefore, cannot be said to have violated the antitrust laws in this situation. *Griffith v. Health Care Authority,* 705 F.Supp. 1489 (N.D.Ala.1989) (immunity under LGAA extends to suits seeking injunctive relief). Furthermore, Plaintiff has failed to establish that the time-honored balance-of-hardships test tips decisively in his favor. *See, e.g., Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189 (4th Cir.1977). Plaintiff is

therefore not entitled to injunctive relief under his antitrust claims.

■ The grant of Defendants' motion for summary judgment extinguishes both Plaintiff's antitrust cause of action and the Court's federal subject matter jurisdiction over this matter. Plaintiff's unfair trade practices cause of action under N.C.Gen. Stat. § 75–1.1 may therefore be, and hereby is, dismissed for want of pendent jurisdiction. *See Cooper v. Forsyth County Hosp. Auth., Inc.,* 789 F.2d 278, 280 n. 9 (4th Cir.), *cert. denied,* 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986). However, the Court notes that medical professionals are not contemplated by North Carolina's prohibition of unfair trade practices. *See, e.g.,* N.C.Gen.Stat. § 75–1.1(b) ("For purposes of this section, 'commerce' ... does not include professional services rendered by a member of a learned profession."); *Cameron v. New Hanover Memorial Hosp., Inc.,* 58 N.C.App. 414, 293 S.E.2d 901, *appeal dismissed & cert. denied,* 307 N.C. 127, 297 S.E.2d 399 (1982); Opinion of Attorney General to Representative Robert L. Farmer, 47 N.C.A.G. 118 (1977). That, plus the fact that a court should not substitute its judgment for that of the hospital board, precludes the Court from enjoining Defendants' exclusion of Plaintiff from the Wilkes Hospital facility. *Cameron.*

■ Furthermore, the Court notes that the judicially created "state action doctrine" provides immunity to state agencies from claims for antitrust injunctive relief, when their activities are directed by the legislature. *Parker v. Brown,* 317 U.S. 341, 350–51, 63 S.Ct. 307, 313–14, 87 L.Ed. 315 (1943). This doctrine applies to a municipality when its actions are authorized by state law. *Hallie v. Eau Claire,* 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985). The Fourth Circuit has since applied this rule specifically to North Carolina municipal hospitals in *Coastal Neuro–Psychiatric Associates, P.A. v. Onslow Memorial Hosp., Inc.,* 795 F.2d 340 (4th Cir.1986), and reasoned that North Carolina contemplated "anticompetitive effects" in authorizing municipalities to construct, maintain, and operate hospitals pursuant to

N.C.Gen.Stat. § 131E–5. *Coastal Neuro–Psychiatric Associates,* 795 F.2d at 341.

■ A hospital's governing body has statutory authority to make decisions concerning the scope and range of privileges that will be extended to physicians and others at the hospital. N.C.Gen.Stat. § 131E–85(a). The Court finds that the Defendants have demonstrated that "their anticompetitive activities were authorized by the State 'pursuant to state policy to displace competition with regulation or monopoly public service' " and are therefore entitled to the "state action doctrine" immunity from antitrust injunctive relief. *Coastal Neuro–Psychiatric Associates,* 795 F.2d at 341 (quoting *Hallie,* 471 U.S. at 38–39, 105 S.Ct. at 1716). Hence, Defendants' motion for summary judgment will be granted as to all claims asserted by the Plaintiff.

### III. PRECLUSION

Because summary judgment will be granted to the Defendants on all counts, the Defendants' motion to preclude thirty-six witnesses from testifying at trial is moot.

A Judgment encompassing the findings herein will be filed contemporaneously herewith.

### JUDGMENT

For the reasons stated in the Memorandum of Opinion filed contemporaneously herewith,

IT IS ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff's motion for reconsideration of this Court's Order of June 29, 1990, is hereby DENIED;

2. Defendants' motion for summary judgment is hereby ALLOWED on all claims pursuant to 15 U.S.C. §§ 1 and 2 and such are DISMISSED on the merits;

3. Plaintiff's state claims for unfair trade practices pursuant to N.C.Gen.Stat. § 75–1.1 are DISMISSED for lack of jurisdiction; and

4. Plaintiff's motion for preclusion is hereby DISMISSED as moot.