**R. ERNEST COHN, D.C., D.A.B.C.O., Plaintiff–Appellant,**

v.

**John L. BOND; John Bennett; Larry S. Kilby; Karolen C. Bowman; Donald D. Peterson; Kirk D. Gulden; John G. Oliver; James K. Hartye; Thomas K. McMahan; Leonard A. Baugham; Mark D. Andrews; J. Thomas Bowman; Duane H. Smith; Jerry F. Watson, Individually and as Members of the Medical Staff of Wilkes General Hospital, Defendants–Appellees.**

**Wilkes General Hospital; Andrew L. Kilby, Individually and as Chairman of the Board of Trustees; John L. Bond, Individually and as Trustee of Wilkes General Hospital; Ralph G. Buchan; Neil G. Cashion, Jr.; C. Dennis Faw; George S. Forester, Jr.; Paul C. Holbrook; John Q. Myers; Rex Reeves; Alvin A. Sturdivant, Jr., Individually and as Trustees of Wilkes General Hospital; Phillip E. Compeau; William L. Bundy; John Q. Myers, Defendants.**

No. 91–2502.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1991.

Decided Dec. 31, 1991.

Beverly C. Moore, Jr., Moore & Brown, Washington, D.C., argued (Sandra B. Brantley, Moore & Brown, Washington, D.C. and B. Ervin Brown, II, Moore & Brown, Winston–Salem, N.C., on brief), for plaintiff-appellant.

M. Elizabeth Gee, Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., argued (Roddey M. Ligon, Jr., Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., W. Harold Mitchell, Mitchell, Blackwell & Mitchell, Valdese, N.C., and William Kearns Davis, and James R. Fox, Bell, Davis & Pitt, P.A., Winston–Salem, N.C., on brief), for defendants-appellees.

Before WIDENER and HAMILTON, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, sitting by designation.

## OPINION

HAMILTON, Circuit Judge:

R. Ernest Cohn, a chiropractor, filed this case complaining that Wilkes General Hospital and its medical staff improperly denied his request for staff privileges in violation of Section 16 of the Clayton Act, 15 U.S.C. § 26 (1973); Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2 (1973); and in violation of a North Carolina statute concerning access to public hospitals by chiropractors. N.C.Gen.Stat. § 90–153 (1991). Dr. Cohn appeals from an order of the United States District Court for the Western District of North Carolina granting summary judgment to John L. Bond and other members of the medical staff of Wilkes General Hospital, and dismissing Dr. Cohn's state law claim. 767 F.Supp. 111. We find that the defendants' actions are shielded by operation of the Local Government Antitrust Act (LGAA), the State Action Doctrine and intracorporate immunity. The decision of the district court is hereby affirmed.

## I.

Dr. Cohn practices in Wilkesboro, North Carolina. Wilkes Hospital is a municipally owned and operated hospital under the City of Wilkesboro. Dr. John Bond is the named defendant of the medical staff of Wilkes Hospital. Other members of the medical staff are also defendants in this action.

In 1984, Dr. Cohn applied for privileges at Wilkes Hospital. In accordance with Wilkes Hospital's bylaws, the request was referred to the Medical Staff Credentials Committee for review. The Committee recommended to the Board of Trustees of Wilkes Hospital (the "Board") that Dr. Cohn's application be denied. Their expressed reasons for denial were that the medical doctors would be unable to supervise care given by a chiropractor, and that granting hospital privileges to a chiropractor may not be permitted by law in North Carolina. Dr. Cohn appealed this decision to the Medical Executive Committee. The Executive Committee noted that chiropractors were permitted to practice in public hospitals, but that a hospital is not required to admit them. The Executive Committee otherwise affirmed the decision of the Credentials Committee. Dr. Cohn appealed this decision to the Board. On May 28, 1985, the Board met and heard testimony from Dr. Cohn. Thereafter, the Board went into closed executive session and decided to deny Dr. Cohn's request for privileges. The Board cited as grounds for its decision: (1) concerns over the ability of medical staff to supervise Dr. Cohn, (2) a lack of requests for chiropractic care at Wilkes Hospital, (3) insurance concerns, (4) the absence of reasons why such services need to be administered in a hospital, (5) the lack of similar privileges to a chiropractor in other hospitals, and (6) a lack of knowledge necessary to monitor fees by chiropractors. After a subsequent request from Dr. Cohn for limited privileges, and a request for reconsideration of his initial

application, the Board affirmed its earlier denial on July 22, 1986, and again on October 27, 1987.

Dr. Cohn's suit originally named Wilkes Hospital, members of the Board, and members of Wilkes Hospital's medical staff. The only parties remaining at the summary judgment stage were the Board and the medical staff members. Dr. Cohn dropped Wilkes Hospital as a party in his third amended complaint. (Complaint, J.A. at 173–182). Dr. Cohn appeals only the granting of summary judgment with respect to his causes of action against the medical staff. Dr. Cohn specifically notes in his brief that the Trustees (Board) are not involved in this appeal. (Appellant's Brief at 3, n. 1).

The district court granted summary judgment on the grounds that the conduct challenged was immunized under the Local Government Antitrust Act, 15 U.S.C. § 34 (Supp. I 1984), and under the State Action Doctrine. The district court also exercised its discretion to dismiss Dr. Cohn's pendent state claim, and denied Dr. Cohn's motion to reconsider the district court's earlier denial of a motion to compel discovery of certain Board meetings. The district court held that such meetings were privileged and not subject to discovery.

Dr. Cohn appeals, claiming that the district court erred in extending LGAA and State Action Doctrine immunity to the staff members who recommended that he be denied privileges at Wilkes Hospital. Dr. Cohn also appeals the district court's denial of discovery of the Board's proceedings in executive session. Lastly, he claims that the district court erred in that the state claim it dismissed was one he had already dropped, and that the district court never dismissed the actual state claim he was asserting.

## II.

■ The appropriate standard of review for the granting of summary judgment is *de novo*. A decision of the trial court refusing to continue discovery is upheld absent an abuse of discretion. *Sandcrest Outpatient Services v. Cumberland County Hospital System, Inc.*, 853 F.2d 1139, 1148 (4th Cir.1988).

## III.

■ The LGAA provides immunity to any local government, official or employee acting in an official capacity from money damages in an antitrust case. 15 U.S.C. § 36. The appellant does not appeal the determination by the district court that Wilkes Hospital is a local governmental unit covered by the LGAA. The LGAA also provides immunity to a person who is not an employee or official if that person is "engaged in 'official action directed by a government or official or employee thereof.'" *Sandcrest*, 853 F.2d at 1143 (quoting, 15 U.S.C. § 36(a)).

The facts in *Sandcrest* are similar to the facts in this case. In *Sandcrest*, the administrator declined to extend the emergency room service contract of Sandcrest Services. Sandcrest Services brought an antitrust action on the grounds that it was improperly excluded from providing services by the hospital, its board of trustees, the administration, and the medical staff. This court upheld the district court findings that the hospital, the administrator, and the medical staff committee were immune from such suits under the LGAA. This court held that the actions of the medical staff were "directed by" officials of the governmental entity, as contemplated by the LGAA. Whether actions are "directed by" an official, as contemplated by the LGAA, is determined by borrowing and applying the State Action Doctrine two prong test. *Sandcrest*, 853 F.2d at 1143, *citing* H.R.Conf.Rep. No. 1158, 98th Cong., 2d Sess. 3, *reprinted in* 1984 U.S.Code Cong. & Admin.News, 4602, 4627.

In *Sandcrest*, the members of the medical staff were found to be immunized by the LGAA because their actions were "directed by officials." In light of our recent decision in *Oksanen v. Page Memorial Hospital*, 945 F.2d 696 (4th Cir.1991), the medical staff's conduct in this case is more directly immune. *Oksanen* holds that when members of the medical staff recom-

mend action on an application for privileges, as authorized by the municipal hospital, they are acting in their capacity as employees, as opposed to private parties. *Id.* Physicians who make peer review decisions at the behest of, or by delegation from, the hospital's board of trustees, are acting as agents of the hospital and are, therefore, indistinguishable from the hospital.

In the instant case, the members of the medical staff acted as authorized by the staff bylaws and the Board. The medical staff members are, in making staff privilege recommendations, acting as agents of Wilkes Hospital. Therefore, their actions in this respect are entitled to immunity from money damages under the LGAA because of their unitary status with Wilkes Hospital.

## IV.

 The district court recognized that the determination that the defendants were immunized from money damages did not settle the question of whether injunctive relief was permitted. The LGAA does not extend its immunity to injunctive relief. "Both the House and the Senate ... were careful to observe that the immunity being provided to local government was immunity from suits for damages, and not immunity from suits seeking injunctive relief." *Sandcrest*, 853 F.2d at 1142 (4th Cir.1988) (citing S.Rep. No. 593, 98th Cong., 2d Sess. 2 at 5–6 (1984)); H.R.Rep. No. 965, 98th Cong., 2d Sess. 2, *reprinted in* 1984 U.S.Code Cong. & Admin.News 4602, 4603. The district court correctly held, however, that State Action Doctrine immunity precludes injunctive relief in this case. If an action falls within this doctrine, it is immunized from antitrust scrutiny. *Patrick v. Burget*, 486 U.S. 94, 108 S.Ct. 1658, 100 L.Ed.2d 83 (1988).

The modern touchstone case of the State Action Doctrine is *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). In *Parker*, the Court declined to apply the Sherman Act to actions by a state. With respect to municipalities, the application of the doctrine was further explained in *City of Lafayette v. Louisiana Power and Light Co.*, 435 U.S. 389, 413, 98 S.Ct. 1123, 1136, 55 L.Ed.2d 364 (1978). *Lafayette* determined that a two prong test must be met before the action in that case was immunized. The first prong was that the action must be "one clearly articulated and affirmatively expressed as state policy." 435 U.S. at 410, 98 S.Ct. at 1135. The second prong that must be met is that the policy must be "actively supervised." *Id.* Because the *Lafayette* case involved a private party, some confusion remained as to whether a municipality was required to meet the second "active supervision" prong. The Court made it clear in *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 46, 105 S.Ct. 1713, 1720, 85 L.Ed.2d 24 (1985), that municipalities do not need to meet this second prong.

Wilkes Hospital is owned and operated by a municipality and the application of the second prong to the medical staff members depends on whether they are employees or private parties. As employees, their actions are judged by the first prong; as private parties, their actions are judged by both prongs.

As previously discussed, members of the medical staff acted as agents of Wilkes Hospital in making their recommendation to deny privileges. The second, "active supervision" prong is, therefore, inapplicable in this case. With respect to the first prong, it is clear from this court's decision in *Coastal Neuro–Psych v. Onslow Memorial*, 795 F.2d 340 (4th Cir.1986), that "North Carolina statutes authorizing municipalities to construct, operate and maintain hospitals ... contemplate anticompetitive effects." *Id.* at 341 (citing N.C.Gen. Stat. §§ 131E–5, 131E–7(a)(6)). The decision in *Coastal Neuro–Psych* expressly indicated that this was true with respect to a municipal hospital's power to decide which physicians are entitled to privileges. 795 F.2d at 341. A municipal hospital's decision to deny privileges, therefore, meets the first prong of the *Parker* test. The actions of the staff are immune when, as is true here, they are acting as agents of

Wilkes Hospital, a municipal hospital, in making their recommendation.

### V.

Dr. Cohn contends that the medical staff exerted undue influence over the Board, thus supplanting the Board's decision. However, the medical staff in this case was acting in a manner similar to the medical staff in *Oksanen*. They were acting as agents of the hospital. *Oksanen* held that in such circumstances the doctrine of intracorporate immunity applies. This doctrine dictates that a single entity cannot conspire amongst itself. Since the medical staff and Wilkes Hospital, in these circumstances, are the same entity, undue influence is irrelevant. A single entity cannot unduly influence itself. Furthermore, the recent case of *Columbia v. Omni Outdoor Advertising,* — U.S. ——, 111 S.Ct. 1344, 1353, 113 L.Ed.2d 382 (1991), leads us to conclude that undue influence is irrelevant once the determination is made that the municipality is acting as authorized within the clearly articulated state policy. "[A]ny action that qualifies as state action is *'ipso facto* ... exempt from the operation of the antitrust laws.'" *Id.* (quoting *Hoover v. Ronwin,* 466 U.S. 558, 568, 104 S.Ct. 1989, 1995, 80 L.Ed.2d 590 (1984)). We already determined that the Board's actions were so authorized and met the first prong of the *Lafayette* test. Relevant inquiry in this case ends with the finding that the first prong is met and the medical staff of Wilkes Hospital acted as authorized under a state policy meeting the requirements of the first prong. The presence of undue influence has no bearing on the finding that Wilkes Hospital and its staff are immune under the State Action Doctrine and the LGAA.

### VI.

Since the actions of the staff were immunized under the LGAA and the State Action Doctrine, we need not consider whether it was appropriate to preclude discovery of the closed door sessions of the Board. Dr. Cohn seeks discovery of these proceedings to show further evidence of conspiracy among the staff and to show undue influence on the Board.

As previously noted, undue influence is irrelevant under the facts in this case. Because it is irrelevant, the denial of discovery to find evidence of undue influence is appropriate.

Any evidence of conspiracy among the staff in making its recommendation is similarly irrelevant. *Sandcrest,* 853 F.2d at 1146. Inquiry into the motives of the staff is not proper to determine if immunity exists. An allegation of conspiracy "is akin to an allegation that it was done in bad faith or with malice." *Id.* Such inquiries are clearly irrelevant in determining the application of the immunity. Furthermore, as this court discussed in *Oksanen,* conspiracy cannot be found where the medical staff and the hospital are essentially the same entity. Therefore, discovery with respect to evidence of a conspiracy is unnecessary.

Discovery should not become a "fishing expedition." *Sandcrest,* 853 F.2d at 1147. This is true particularly in this case in light of the underlying purposes of the LGAA and the State Action Doctrine, *i.e.,* to free local government from the fear of, and the dehabilitating effects of antitrust actions. *See id.* Discussions in the closed door sessions could only be relevant with respect to whether or not the immunities discussed above apply in these circumstances. There was sufficient information before the court to determine that the actions of the staff were immune. The refusal to allow continued discovery where it was unnecessary is not an abuse of discretion. *See Sandcrest,* 853 F.2d at 1148.

### VII.

When the district court granted the defendants' motion for summary judgment on all federal claims, it exercised its discretion to dismiss the plaintiff's pendent state court claim. The district court misidentified the state claim before it as an "unfair trade practices cause of action under N.C.Gen.Stat. § 75–1.1." The plaintiff dropped this cause of action in his third

amended complaint. The claim actually before the district court was an alleged violation of N.C.Gen.Stat. § 90–153, which involves access to hospitals by chiropractors.

As this was the only state claim before the court, it is apparent that this claim was the state claim which the court intended to dismiss. This error was clearly inadvertent and was harmless. There is no contention that the district court would rule any differently on remand. The harmless error rule compels this court to exercise its judgment rather than resort to automatic reversal. Under 28 U.S.C. § 2111 (1982), the misidentification of the state court claim is not grounds for remand or reversal.

We find that the medical staff's actions are immune from antitrust scrutiny by operation of the LGAA, the State Action Doctrine and intracorporate immunity. We further find that the district court's error in misidentifying the state court claim that it dismissed was harmless error.

AFFIRMED.