995 F.2d 1064
 27 U.S.P.Q.2d 1239
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
THE SCHAFER COMPANY; South of the Border Restaurants,
Incorporated; South of the Border Shops,
Incorporated; Border Courts,
Incorporated; Pedroland,
Incorporated,
Plaintiffs-
Appellants,
v.
INNCO MANAGEMENT CORPORATION, d/b/a Family Inns of America
725, Defendant-Appellee.
 No. 92-2251.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1993
Decided: June 14, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CA-91-37-3-BR)
 William S. McLean, McLean, Stacy, Henry & McLean, Lumberton, North Carolina; Robert Ernest Price, Row land, North Carolina, for Appellants.
 Mark Steven Graham, Luedeka, Hodges, Neely & Graham, P.C., Knoxville, Tennessee, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILLIAMS, Circuit Judge, SPROUSE, Senior Circuit Judge, and VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The Schafer Company and South of the Border Restaurants, Inc. (together "SOTB") appeal from the district court's order granting summary judgment to the defendant, Innco Management Corporation ("Innco"), on SOTB's trademark infringement claims. See Schafer Co. v. Innco Management Corp., 797 F. Supp. 477 (E.D.N.C. 1992). We affirm.
 
 
 2
 SOTB operates South of the Border, a theme park in Dillon, South Carolina. It is located just south of the North Carolina/South Carolina border and advertises on over 225 billboards on Interstate 95 and U.S. 301 between Virginia and Georgia. It is most accessible from Exit 1-A on I-95, the first South Carolina exit for the southbound traveller.
 
 
 3
 Innco owns and operates the Family Inns motel just north of the North Carolina/South Carolina border. A traveller can reach Innco's motel from I-95 by taking either Exit 1-B, north of the border, or Exit 1-A, south of the border. Innco advertises its motel on billboards on I-95 and has been doing so since 1976.
 
 
 4
 On July 27, 1982, SOTB registered its "South of the Border" mark on the principal registry of the United States Patent and Trademark Office. On November 5, 1990, the South Carolina Secretary of State registered "South of the Border" as a trademark. South of the Border is also known as a geographic community surrounding and including the theme park. It has its own water and sewage system, a fire department, a security force, a maintenance department, a bank, a nursery with greenhouses, three full-service gas stations, and a United States Post Office with its own zip code. "South of the Border" is depicted as a town or community on South Carolina's official highway map; the highway map of Dillon County, South Carolina; and the American Automobile Association's Road Atlas. State highway signs on I-95 direct the traveller to "South of the Border" in a manner similar to the signs directing travellers to Dillon and to nearby Rowland, North Carolina. One official highway sign states: "Exit 1A: South of the Border-Second Right."
 
 
 5
 Innco's original billboards directed travellers to the Family Inns motel via the "South of Border Exit." In 1991, however, the words "South of" were deleted, leaving only "Border Exit" on the billboards. In this suit, SOTB alleged that "South of Border Exit" and "Border Exit" infringed on its registered trademark. By order dated August 19, 1992, the district court granted Innco's motion for summary judgment on the ground that Innco's use of the two terms fell within the scope of the Lanham Act's fair-use defense. See 15 U.S.C. § 1115(b)(4). SOTB appeals.
 
 
 6
 We, of course, review the district court's decision to grant Innco summary judgment de novo. Cohn v. Bond, 953 F.2d 154, 157 (4th Cir. 1991), cert. denied, 112 S. Ct. 3057 (1992). We must uphold the decision if there is no issue as to any material fact and Innco is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 Because SOTB used its trademark for more than five years after registering it, it is incontestable. 15 U.S.C. § 1065. The principal question, therefore, is whether Innco infringed on the trademark-more particularly, whether it was entitled under the fair-use defense to employ the phrases "South of Border Exit" and "Border Exit" on billboards. This defense permits a registered trademark to be used by a non-registrant junior user if it is a "use, otherwise than as a trade or service mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party, or their geographic origin." Id. § 1115(b)(4).
 
 
 8
 The district court found that before and after SOTB used the mark "South of the Border," the primary descriptive meaning of "border" at the location in question was the North Carolina/South Carolina border. Based on all of the submissions of the parties, it concluded that Innco's use of "border" in "Border Exit" was in its old, primary, geographically descriptive sense and did not refer to the theme park. It further concluded that Innco's use of "South of Border Exit" did not infringe on SOTB's mark because the term referred to the South of the Border community, which is an official town on several maps. Because the Family Inns motel is in fact accessible by the first exit south of the border, the court held that Innco's use of the term "South of Border Exit" was fair and accurate and not unlike "Dillon Exit" or "Rowland Exit." As further evidence that Innco's billboard advertisements were not designed or used to confuse the travelling public, the court relied on Innco's decision to use the phrase"South of Border," not "South of the Border."
 
 
 9
 The district court correctly stated the applicable legal principles in its well-written opinion. SOTB has not alleged sufficient facts to create a genuine issue of material fact. Our affirmance is based on its decision, including its holding that SOTB's federal and North Carolina unfair competition claims are likewise barred.
 
 
 10
 Finding no error in any of the district court's rulings, the judgment is affirmed.
 
 AFFIRMED