R. ERNEST COHN, D.C., AND THE NORTH CAROLINA CHIROPRACTIC ASSOCIATION, PLAINTIFFS-APPELLANTS v. WILKES REGIONAL MEDICAL CENTER AND NEIL G. CASHION, JR., FRANK W. DOOLEY, CHARLES M. DRUM, JR., GEORGE FORESTER, JR., PAUL C. HOLBROOK, GAITHER M. KEENER, JR., GERALD LANKFORD, BLAKE LOVETTE, JOHN Q. MYERS AND REX REEVES, AS TRUSTEES OF WILKES REGIONAL MEDICAL CENTER, DEFENDANTS-APPELLEES

No. 9223SC1072

(Filed 4 January 1994)

1. **Hospitals and Medical Facilities or Institutions § 39 (NCI4th) — hospitals not required to give privileges to chiropractors**

    The legislature's use of the word "may" instead of "shall" in N.C.G.S. § 90-153 indicates that it is not a requirement that a licensed chiropractor have access to and practice chiropractic in any hospital, and the statute does not confer the absolute right on chiropractors practicing within the state to be given hospital privileges in publicly funded institutions.

    **Am Jur 2d, Hospitals and Asylums § 9.**

2. **Hospitals and Medical Facilities or Institutions § 39 (NCI4th) — patient's freedom of choice — no requirement that chiropractors be on qualified providers list**

    The freedom of choice protection afforded hospital patients by N.C.G.S. § 90-157.2 is for patients to have the freedom to choose a qualified provider of care or service, and the statute does not require all North Carolina public hospitals to admit upon request at least one chiropractor to their staffs.

    **Am Jur 2d, Hospitals and Asylums § 9.**

3. **Hospitals and Medical Facilities or Institutions § 39 (NCI4th) — hospital privileges — discretion in hospital boards — discretion not affected by statute**

    In enacting N.C.G.S. § 131E-85, which sets out specific criteria a governing board of a hospital is to consider when granting or denying privileges to practice in its hospital to physicians, dentists, and podiatrists, the legislature did not intend to take away the discretion afforded hospital boards to make decisions regarding other health care providers, such as chiropractors.

    **Am Jur 2d, Hospitals and Asylums § 9.**

**COHN v. WILKES REGIONAL MEDICAL CENTER**

[113 N.C. App. 275 (1994)]

Appeal by plaintiffs from order entered 11 August 1992 by Judge Julius A. Rousseau in Wilkes County Superior Court. Heard in the Court of Appeals 30 September 1993.

*Moore and Brown, by B. Ervin Brown, II, and R. J. Lingle, of counsel, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., and M. Elizabeth Gee, of counsel, and E. James Moore, for defendants-appellees.*

JOHNSON, Judge.

The facts of this appeal are as follows: Plaintiff chiropractor is licensed by the State of North Carolina. Plaintiff maintains his office in Wilkesboro, North Carolina, and provides chiropractic service to patients in Wilkes County. Plaintiff North Carolina Chiropractic Association (Association) is a professional association, incorporated and authorized to transact business in North Carolina. All members of the Association are chiropractors licensed under the laws of North Carolina to provide to patients care and services which are within the scope of practice of the profession of chiropractic as defined by North Carolina General Statutes § 90-143 (1990). In the years 1984, 1985 and 1987, plaintiff chiropractor made application for certain medical privileges at defendant hospital; plaintiff applied for both in-patient and out-patient privileges. Each of plaintiff's applications has been denied by defendant Board of Trustees.

Plaintiffs allege the various reasons given for the denials of plaintiff chiropractor's applications were "mere pretext," and that defendants had essentially "instituted and maintained a blanket prohibition denying access to all resources, facilities, and co-admitting and/or admitting privileges available at Wilkes Regional Medical Center to any and all chiropractors, including Plaintiff Cohn."

Plaintiffs filed this action on 20 December 1991 asserting violations of North Carolina General Statutes § 90-153 (1990) and North Carolina General Statutes § 90-157.1 (1990). Plaintiffs sought declaratory and injunctive relief to declare and enforce their rights to administer chiropractic care to their patients in the manner and form permitted under these statutes. Defendants responded by moving for the following: (1) to hold the matter in abeyance pending certain federal litigation; (2) to dismiss the action pursuant to North Carolina General Statutes § 1A-1, Rule 12(b)(6) (1990)

for failure to state a claim upon which relief can be granted, claiming the statutes in question do not prohibit hospitals from denying chiropractors the right to hospital privileges; and (3) to dismiss the Association as a party plaintiff for lack of standing.

This matter was held in abeyance pending the final disposition of the federal litigation relating to this matter. Once *Cohn v. Bond, et al.*, 953 F.2d 154 (4th Cir. 1991), *cert. denied*, 120 L.Ed.2d 922 (1992) was concluded, defendants renewed these motions for dismissal, adding the assertion that there is no private right of action available to enforce the statutes under which plaintiffs seek relief. On 31 July 1992, the trial court dismissed the complaint, concluding "the Complaint is not barred by the statute of limitations but . . . it fails to state a claim upon which relief can be granted." Plaintiffs filed timely notice of appeal to this Court.

Plaintiffs argue the trial court erred in granting defendants' motions to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted.

[1] North Carolina General Statutes § 90-153 states in its entirety:

### § 90-153. Licensed chiropractors may practice in public hospitals.

A licensed chiropractor in this State *may* have access to and practice chiropractic in any hospital or sanitarium in this State that receives aid or support from the public, and *shall* have access to diagnostic X-ray records and laboratory records relating to the chiropractor's patient. (Emphasis added.)

"Words in a statute generally must be construed in accordance with their common and ordinary meaning, unless a different meaning is apparent or clearly indicated by the context." *State v. Raines*, 319 N.C. 258, 262, 354 S.E.2d 486, 489 (1987) (citation omitted). We believe the Legislature's use of the word "may" contrasted with the use of the word "shall" in North Carolina General Statutes § 90-153 set out above indicates it is not a requirement that a licensed chiropractor have access to and practice chiropractic in any hospital. We believe the straightforward meaning of these words as they are set out in North Carolina General Statutes § 90-153 does not "confer[ ] the absolute right on chiropractors practicing within the state to be given hospital privileges in publicly funded institutions," as plaintiffs assert in their brief.

[2]   North Carolina General Statutes § 90-157.1, set out in its entirety, reads:

### § 90-157.1. Free choice by patient guaranteed.

No agency of the State, county or municipality, nor any commission or clinic, nor any board administering relief, social security, health insurance or health service under the laws of the State of North Carolina shall deny to the recipients or beneficiaries of their aid or services the freedom to choose a duly licensed chiropractor as the provider of care or services which are within the scope of practice of the profession of chiropractic as defined in this Chapter.

Plaintiffs argue that reading North Carolina General Statutes § 90-157.1 in tandem with North Carolina General Statutes § 90-153 leads to the "inescapable" conclusion "that *all* North Carolina public hospitals must, upon request, admit at least *one* chiropractor to its staff." (Emphasis retained.) We find no merit to this argument.

We call attention to *Cameron v. New Hanover Memorial Hospital, Inc.*, 58 N.C. App. 414, 293 S.E.2d 901, *disc. review denied*, 307 N.C. 127, 297 S.E.2d 399 (1982). *Cameron* was an action wherein two podiatrists brought suit against a public hospital alleging a wrongful denial of hospital staff privileges. One theory expounded by the plaintiffs in *Cameron* was that they were entitled to practice podiatry at the hospital under the terms of North Carolina General Statutes § 90-202.12 (1990), which states:

No agency of the State, county or municipality, nor any commission or clinic, nor any board administering relief, social security, health insurance or health service under the laws of the State. of North Carolina shall deny to the recipients or beneficiaries of their aid or services the freedom to choose the provider or care or service which are within the scope of practice of a duly licensed podiatrist or duly licensed physician as defined in this Chapter.

Our Court held "we do not read G.S. 90-202.12 to *require* [the hospital] to grant staff privileges regardless of the standards set by its Board of Trustees which are reasonably related to the operation of the hospital. Generally, the protection offered by the statute is for patients to have the freedom to choose a qualified 'provider of care or service.' " (Emphasis retained.) *Cameron*, 58 N.C. App. at 453, 293 S.E.2d at 924.

North Carolina General Statutes § 90-202.12 is worded similarly to North Carolina General Statutes § 90-157.1, save the profession involved. We agree with the reasoning in *Cameron*, and find that the protection afforded by North Carolina General Statutes § 90-157.1, similarly, is for patients to have the freedom to choose a qualified provider of care or service.

[3] Finally, plaintiff makes reference to North Carolina General Statutes § 131E-85 (1988), which sets out specific criteria a governing board of a hospital is to consider when granting or denying privileges to practice in their hospital to physicians, dentists and podiatrists. Plaintiff argues that by not including chiropractors within this statute, or without enacting a similarly worded statute, the legislature articulated a different state policy concerning the profession of chiropractic, rather than one which would have allowed the denial of hospital privileges to chiropractors. We disagree.

North Carolina General Statutes § 131E-85(a) concludes by noting "[n]othing in this Part shall be deemed to mandate hospitals to grant or deny to any such individuals or others privileges to practice in hospitals." We do not believe the Legislature, when enacting North Carolina General Statutes § 131E-85, meant to take away the discretion afforded hospital boards to make decisions regarding other health care providers, such as chiropractors. North Carolina General Statutes § 131E-85(a) allows governing boards of hospitals to consider "the reasonable objectives and regulations of the hospital, including, but not limited to appropriate utilization of hospital facilities" when granting or denying privileges to practice in their hospital. Defendant hospital could properly consider factors such as these in the case *sub judice*, evidenced in the resolution adopted by the Board of Trustees.

Because we find the complaint was deficient in failing to set forth a claim upon which relief could be granted, we need not address plaintiffs' argument that the Association has standing to bring this suit, or defendants' argument that the statute of limitations had expired in this matter.

The decision of the trial court is affirmed.

Judges COZORT and McCRODDEN concur.