**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

B. J. ROBERTS, Sheriff, City of
Hampton; P. G. MINETTI, Chief of                    No. 97-2089
Police, City of Hampton,
Defendants-Appellees,

and

THE CITY OF HAMPTON, VIRGINIA,
Defendant.

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

TOBY A. MATHEWS, Sheriff, County
of Henrico; HENRY STANLEY, Chief                    No. 97-2090
of Police, County of Henrico,
Defendants-Appellees,

and

COUNTY OF HENRICO, VIRGINIA,
Defendant.

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

R. J. MCCABE, Sheriff, City of
Norfolk; MELVIN HIGH, Chief of                                    No. 97-2091
Police, City of Norfolk,
Defendants-Appellees,

and

CITY OF NORFOLK, VIRGINIA,
Defendant.

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

GARY WATERS, Sheriff, City of
Portsmouth; DENNIS MOOK, Chief of                                 No. 97-2092
Police, City of Portsmouth,
Defendants-Appellees,

and

THE CITY OF PORTSMOUTH, VIRGINIA,
Defendant.

2

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

MICHELLE MITCHELL, Sheriff, City of
Richmond; JERRY A. OLIVER, Chief                      No. 97-2093
of Police, City of Richmond,
Defendants-Appellees,

and

THE CITY OF RICHMOND, VIRGINIA,
Defendant.

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

FRANK DREW, Sheriff, City of
Virginia Beach; CHARLES WALL,
Chief of Police, City of Virginia                     No. 97-2098
Beach,
Defendants-Appellees,

and

THE CITY OF VIRGINIA BEACH,
VIRGINIA,
Defendant.

3

AMERICAN INTERNATIONAL SECURITY
SPECIALISTS, INCORPORATED,
Plaintiff-Appellant,

v.

JOHN R. NEWHART, Sheriff, City of
Chesapeake; RICHARD A. JUSTICE,
Chief of Police, City of                                        No. 97-2105
Chesapeake,
Defendants-Appellees,

and

THE CITY OF CHESAPEAKE, VIRGINIA;
COMMONWEALTH OF VIRGINIA,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-97-82-2, CA-97-83-2, CA-97-85-2, CA-97-86-2,
CA-97-87-2, CA-97-88-2, CA-96-921-2)

Argued: May 7, 1998

Decided: September 10, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

4

**COUNSEL**

**ARGUED:** John Warren Hart, BEATON & HART, P.C., Virginia Beach, Virginia, for Appellants. William Gray Broaddus, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellees. **ON BRIEF:** Scott Andrew Simmons, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, American International Security Specialists, Inc. (American), appeals the district court's dismissal of its state and federal antitrust claims against various law enforcement officers (Appellees) operating in Virginia. Finding no error in the district court's judgment, we affirm.

I.

American is a private security provider doing business in Virginia. It brought suit against the Appellees, numerous Virginia-based sheriffs and chiefs of police, alleging that they had violated the Sherman Act, 15 U.S.C. § 1, and analogous provisions of the Virginia Antitrust Act, Va. Code §§ 59.1-9.5, 9.6, by permitting and encouraging subordinate officers to engage in off-duty employment as private security personnel, using state and locally supplied uniforms, badges, weapons, radios, and other equipment.

The Appellees filed motions to dismiss American's claims, pursuant to Fed. R. Civ. P. 12(b)(6). Construing American's complaint to state allegations against the Appellees in their official capacities only,

5

the district court concluded that they were entitled to federal immunity under the state action doctrine and the Local Government Antitrust Act, 15 U.S.C. §§ 35-36, and state immunity under the state action doctrine and an exemption to the Virginia Antitrust Act. When American declined to amend its complaint to state a claim against the Appellees in their individual capacitates, the district court granted the Appellees' motions to dismiss. On appeal, American maintains that such dismissal was erroneous.

II.

We review de novo the district court's decision to dismiss American's claims pursuant to Rule 12(b)(6). See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). In conducting our review, we are required to accept as true the factual allegations in American's complaint and to construe those facts in the light most favorable to American. See Estate Constr. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 217-18 (4th Cir. 1994). The district court's dismissal of the claim must be affirmed if it appears beyond doubt that no set of facts could be proved which would entitle American to relief. See id. at 218.

The state action doctrine was first articulated by the Supreme Court in Parker v. Brown, 317 U.S. 341, 350-51 (1943). It provides states with immunity from federal antitrust suits seeking monetary or injunctive relief. See Cohn v. Bond, 953 F.2d 154, 158 (4th Cir. 1991) (citation omitted). In more recent times, the doctrine has been extended to provide immunity to local governments that engage in anticompetitive conduct "pursuant to [a] state policy to displace competition with regulation or monopoly public service." See City of Lafayette v. Louisiana Power & Light Co., 435 U.S. 389, 413 (1978). Other courts have held, and we agree, that the state action doctrine applies not only to municipalities, but to the official acts of their officers. See Fisichelli v. City Known as Town of Methuen, 956 F.2d 12, 15-16 (1st Cir. 1992) ("We do not believe that a plaintiff can avoid the [state action doctrine] simply by substituting, for the name of the town, the names of the town officials who approved the challenged municipal action.").

To demonstrate the existence of a clearly articulated state policy to displace competition, a municipality "need not be able to point to a

6

specific, detailed legislative authorization . . . .'" Town of Hallie v. City of Eau Claire, 471 U.S. 34, 39 (1985) (quoting Lafayette, 435 U.S. at 415). Nor must its actions be actively supervised by the state. See id. at 46. Instead, it is sufficient if the municipality acted pursuant to "a clearly articulated and affirmatively expressed . . . state policy," see Lafayette, 435 U.S. at 410, the "foreseeable" or "logical" result of which is anticompetitive, see Hallie, 471 U.S. at 42.

In the present case, the district court concluded, and we agree, that the Appellees are entitled to immunity under the state action doctrine. The Commonwealth of Virginia has clearly articulated a policy of allowing municipalities and their law-enforcement officers to engage in the conduct complained of by American. Section 15.2-1712 of the Virginia Code authorizes municipalities to "adopt an ordinance which permits law-enforcement officers and deputy sheriffs. . . to engage in off-duty employment which may occasionally require the use of their police powers . . . [and to provide for] reasonable rules to apply to such off-duty employment . . . ." In light of that provision, it is certainly foreseeable that a municipality might allow its police officers to engage in off-duty work in the private security field, and that a municipality could, as part of the "regulation" thereof, allow its officers to use publicly supplied uniforms and other equipment during the course of such employment.

American argues that the Appellees' activities are outside the scope of the state's clearly articulated policy since some of the municipalities have failed to pass the ordinance authorized by§ 15.2-1712. We find that argument unpersuasive. In City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365 (1991), the Supreme Court held that for purposes of the state action doctrine, a municipality's "authority" to act is "broader than what is applied to determine the legality of the municipality's action under state law," id. at 372. As the Court explained, a broader conception of authority is necessary "to prevent [the state action doctrine] from undermining the very interests of federalism it is designed to protect." Id. at 372.

> To be sure, state law "authorizes" only agency decisions that are substantively and procedurally correct. . . .[However,] [i]f the antitrust court demands unqualified"authority" in this sense, it inevitably becomes the standard reviewer not

7

only of federal agency activity but also of state and local activity whenever it is alleged that the governmental body, though possessing the power to engage in the challenged conduct, has actually exercised its power in a manner not authorized by state law.

Id. at 371-72 (emphasis added) (quoting P. Areeda & H. Hovenkamp, Antitrust Law ¶ 212.3b (Supp. 1989)); see also Allright Colorado, Inc. v. City and County of Denver, 937 F.2d 1502, 1511 (10th Cir. 1991) ("[W]e reject the argument that alleged errors or abuses in the implementation of state law should expose the City to antitrust liability."); Boone v. Redevelopment Agency of San Jose, 841 F.2d 886, 892 (9th Cir. 1988) ("[C]oncerns over federalism and state sovereignty . . . dictate that the [plaintiffs] not be allowed to use federal anti-trust law to remedy their claim that the city and the agency exceeded their authority under state law."). In the present case, it is clear that, pursuant to § 15.2-1712, municipalities have the "authority," in the broad sense intended by Columbia , to regulate the off-duty employment of their police officers. We therefore affirm dismissal of American's federal claims.[1]

We reach the same conclusion with respect to state immunity. Section 59.1-9.4(b)(1) of the Virginia Code exempts from scrutiny under the Virginia Antitrust Act any "conduct that is authorized, regulated, or approved . . . by a statute of this Commonwealth." Here, as discussed above, the Appellees are so authorized. We, therefore, have no difficulty concluding that they are entitled to immunity.[2]

The judgment of the district court is, therefore,

AFFIRMED.

_____

[1] Our conclusion that the Appellees are entitled to immunity under the state action doctrine renders it unnecessary to consider whether they might also be entitled to immunity under the Local Government Antitrust Act.

[2] This conclusion makes it unnecessary to address the district court's alternative holding, about which we have considerable doubt, that the Appellees are entitled to state immunity under the Parker state action doctrine.

8